Civ.     (   )(   )

orig.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-11 4171

PAUL SCRIMO,

Petitioner,

-against-

WILLIAM LEE,

Superintendent, Green Haven Correctional Facility,

Respondent.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 26 2011   ★

LONG ISLAND OFFICE

FEUERSTEIN, J

PETITION
FOR A
WRIT OF HABEAS CORPUS

Submitted by:

PAUL SCRIMO
Petitioner, pro se
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582

# TABLE OF CONTENTS

**Tab #**                                                                                          **Length**

1.  Petition Under 28 USC §2254 for a Writ of Habeas Corpus          16 pages
    w/ In Forma Pauperis Petition
    (Form issued by the Eastern District of New York)

2.  Appendix to Habeas Corpus Petition Form                                  5 pages

3.  Decisions                                                                             10 pages

4.  Memorandum of Law                                                                25 pages

5.  Exhibits                                                                              14 pages

**1. Petition**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District **Eastern** | |
|---|---|---|
| Name (under which you were convicted): Paul Scrimo | | Docket or Case No.: |
| Place of Confinement: **Green Haven Correctional Facility** | | Prisoner No.: 02A3677 |
| Petitioner (include the name under which you were convicted) Paul Scrimo  v. | Respondent (authorized person having custody of petitioner) William Lee, Superintendant Green Haven Cor. Fac. | |
| The Attorney General of the State of   New York | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   _County Court, County of Nassau_ _____

   (b) Criminal docket or case number (if you know): _____ **1456N-00** _____

2. (a) Date of the judgment of conviction (if you know): **May 21, 2002** _____

   (b) Date of sentencing: _____ **June 18, 2002** _____

3. Length of sentence: ___ **25 years - Life** _____

4. In this case, were you convicted on more than one count or of more than one crime?     Yes ☐     No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: _____

   **Second degree murder (Penal Law §125.25[1])** _____

   _____

   _____

6. (a) What was your plea? (Check one)

   (1)   Not guilty ☒           (3)   Nolo contendere (no contest) ☐

   (2)   Guilty ☐             (4)   Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,

   what did you plead guilty to and what did you plead not guilty to? __ **n/a** _____

   _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒   Judge only ☐

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒   No ☐

9. If you did appeal, answer the following:

(a) Name of court: __Supreme Court of the State of New York, Appellate Division__

(b) Docket or case number (if you know): __2002-06660_____2nd Dept.

(c) Result: ____affirmed_____

(d) Date of result (if you know): __November 10, 2009_____

(e) Citation to the case (if you know): __People v Scrimo 67 AD3d 825__

(f) Grounds raised: __see Appendix, page 2-3_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   Yes ☒   No ☐

If yes, answer the following:

(1) Name of court: __New York Court of Appeals_____

(2) Docket or case number (if you know): __-_____

(3) Result: __Leave to Appeal denied_____

(4) Date of result (if you know): _____March 29, 2010_____

(5) Citation to the case (if you know): __People v Scrimo, 14 NY3d 805__

(6) Grounds raised: ____see Appendix, p. 3_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If yes, answer the following:

(1) Docket or case number (if you know): __n/a_____

(2) Result:   n/a

(3) Date of result (if you know):   n/a

(4) Citation to the case (if you know):   n/a

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒   No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  New York Court of Appeals

(2) Docket or case number (if you know):  _-

(3) Date of filing (if you know):  April 8, 2010

(4) Nature of the proceeding:  Request for Reconsideration

(5) Grounds raised:  see Appendix, p. 4

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☒

(7) Result:  Denied

(8) Date of result (if you know):  July 30, 2010

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:  Dutchess County Supreme Court

(2) Docket or case number (if you know):  6362/2010

(3) Date of filing (if you know):  August 13, 2010

(4) Nature of the proceeding:  State Habeas Corpus Petition

(5) Grounds raised:  see Appendix, p. 4

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐   No ☒

(7) Result: __Procedurally denied__

(8) Date of result (if you know): __August 27, 2010__

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: __Nassau County Supreme Court__

   (2) Docket or case number (if you know): __2010-12073__

   (3) Date of filing (if you know): __September 9, 2010__

   (4) Nature of the proceeding: __CPL §440 Motion to Vacate Judgment__

   (5) Grounds raised: __see Appendix, p. 5__

 

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐   No ☒

(7) Result: __Denied__

(8) Date of result (if you know): __November 22, 2010__

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:      Yes ☒   No ☐

   (2) Second petition:    Yes ☒   No ☐

   (3) Third petition:      Yes ☒   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____ __n/a__ _____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

> CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** __Petitioner was denied a fundamentally fair trial for the reaons enumerated in his direct appeal__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
_____ see Memorandum of Law, p. 6 _____

(b) If you did not exhaust your state remedies on Ground One, explain why: __n/a__

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☒   No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: __n/a__

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      Yes ☐   No ☒

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ n/a _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

   Ground 1 contains the eight issues presented in the

   Direct Appeal and was thus not necessary to include in

   post-conviction proceedings

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** The failure of the State to grant a meaningful

appeal is a violation of due process of law

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

      see, Memorandum of Law, p.16

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: ___n/a___

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: __This issue concerns the failure to receive a meaningful appeal, which did not occur until after the direct appeal was decided__

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ CPL §440

Name and location of the court where the motion or petition was filed: _____

__Nassau County Supreme Court__

Docket or case number (if you know): ___1456N-2000___

Date of the court's decision: ___November 24, 2010___

Result (attach a copy of the court's opinion or order, if available): __see Decision #5__

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐   **(Leave to Appeal was not granted)**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Appellate Division, 2nd Dept.__

_____

Docket or case number (if you know): __2010-12073__

Date of the court's decision: __May 10, 2011__

Result (attach a copy of the court's opinion or order, if available): __see Decision #6__

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: State Habeas Corpus Petition Dutchess County Supreme Court (denied for format- converted to the 440 motion mentioned above) Ind. No. 6362/2010 Decision date: August 27, 2010 (see Decision #4)

**GROUND THREE:** Petitioner was denied effective assistance of counsel

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____ see Memorandum of Law, p. 13 and p.21 _____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: n/a

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: n/a _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: n/a _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____ n/a _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes □   No □

(4) Did you appeal from the denial of your motion or petition?

    Yes □   No □

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes □   No □

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __ n/a _____

_____

_____

**GROUND FOUR:** _____ n/a _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____ n/a _____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☒  No ☐

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ n/a _____

_____

_____

_____

  (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __no_____

_____ n/a _____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinions or orders, if available. ____ n/a _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ n/a _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __ John Chamberlain, 1399 Franklin Ave. _____
_____ Garden City, NY 11530 _____

(b) At arraignment and plea: __ Chamberlain _____

_____

(c) At trial: _____ Chamberlain _____

_____

(d) At sentencing: _____ Chamberlain _____

_____

(e) On appeal: __ Charles E. Holster III, 100 E. Old Country Rd. _____
_____ Mineola, NY 11501 _____

(f) In any post-conviction proceeding: __ none _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: ____ none _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
_____ n/a _____

_____

(b) Give the date the other sentence was imposed: ____ n/a _____

(c) Give the length of the other sentence: _____ n/a _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☑

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

28 USC 2244(d)(2) states that the time during which State post-conviction proceedings take place shall not be counted toward the time limitations. The time consumed by State post-convictions was 207 days; thus the instant Federal habeas corpus petition should be submitted no later than January 21,2012. Additionally, the 'actual innocence' claim, while not in the jurisdiction of the Federal court, may act as a 'gateway' for the purpose of timeliness in a habeas corpus petition.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; "
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  Issue a writ of habeas corpus, declare the conviction invalid and nullify the illegal sentence

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____

August 22, 2011 _____ (month, date, year).

Executed (signed) on _August 22, 2011_ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

## 2. Appendix

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

PAUL SCRIMO,                                    **APPENDIX**

                          Petitioner,

                                                Civil Number Unassigned

      -against-

WILLIAM LEE,  Superintendent,
Green Haven Correctional Facility,
                          Respondent.
---------------------------------------------------x


## PROCEDURAL HISTORY

1.  **Conviction:** County Court, County of Nassau, Ind.No. 1456N-00;
    May 21, 2002

2.  **Affirmed:** Appellate Division, Second Department, AD No. 2002-
    06660; November 10, 2009 (People v Scrimo, 67 AD3d 825)

3.  **Leave to Appeal Denied:**  New York Court of Appeals; March 29, 2010
    (People v Scrimo, 14 NY3d 805)

★   **Letter to US District Court (EDNY) Inre Post-Conviction Litigation and
    Requesting Abeyance/Reply:** April 9, 2010/April 22, 2010

4.  **Reconsideration/Denied:** NY Court of Appeals; April 8, 2010/July 30,
    2010 (People v Scrimo, 15 NY3d 778)

5.  **State Habeas Corpus Petition Filed/Denied:** New York Supreme Court,
    County of Dutchess; August 9, 2010/August 27, 2010

6.  **CPL §440.10 Motion Filed/Denied:** New York Supreme Court, County of
    Nassau; September 9, 2010/November 22, 2010

7.  **Leave to Appeal 440 Request/Denied:** Appellate Division, Second
    Department; Docket No. 2010-12073; December 9, 2010/May 10, 2011

1

**Application**
**Paragraph #**
**9(f)**            **Issues Raised on Direct Appeal**
            (Appellate Division, Second Department)

1.    The Police Lacked Probable Cause For The Defendant's Arrest:


2.    The Defendant Was Severely Prejudiced By The Improper Testimony About His Interrogation:


3.    The Defendant's Right To A Fair Trial Was Severely Prejudiced By The People's Presentation of Misleading Evidence Intended To Show That The Leatherman Tool He Carried On His Belt Was Used To Cut The Wire With Which The Murder Victim Was Strangled:


4.    The Trial Court Erred In Excluding As "Collateral" Testimony About A Prior Choking Incident Involving John Kane And His Sale Of Illegal Drugs:


5.    Defense Counsel Was Ineffective In Failing To Request a Charge of Consciousness of Guilt and in Failing To Object to the Court's Proposed Charge of Confessions and Admissions:


6.    The Defendant Was Unfairly Prejudiced By The Prosecutor's Summation:


7.    Defendant Was Deprived of The Effective Representation of Counsel As Guaranteed By The Constitution of The State of New York and The Constitution of The United States:

2

**8.**    The Verdict Was Against The Weight Of The Evidence:

**9.(g)(6)**                **Issues Raised in Leave To Appeal**
                   (New York Court of Appeals)

**1.**    The County Court's Conclusion That There Was Probable Cause For Defendant's Arrest Was Based Upon A Misapplication Of The Law And Upon Findings Of Which There Is No Evidentiary Support:

**2.**    It Was Error For The Appellate Division To Apply Harmless Error Analysis Since The Evidence Against The Defendant Was Less Than Overwhelming:

**3.**    Defendant Was Deprived Of His Right To Present A Defense That The Murder Was Actually Committed By Prosecution Witness John Kane:

**4.**    It Was An Abuse Of Discretion For The Trial Court To Allow A Second, Undisclosed "Tool Mark" Expert Who Gave Unexpected Incriminatory Testimony And To Allow Him To Conduct A Surprise, Misleading, In-Court Demonstration:

**5.**    Defendant Was Deprived Of Effective Representation Of Counsel As Guaranteed By The Constitution Of The State Of New York And The Constitution Of The United States:

3

**11.(a)(5)**      <u>Issues Raised in Request For Reconsideration</u>
                   (New York Court of Appeals)

This motion was initially presented as a 'Request for Writ of Error Coram Nobis' but was retitled at the suggestion of the court clerk. It was denied without explanation.

**1.**   <u>Appellant Was Denied Effective Assistance of Appellate Counsel In Violation Of His State And Federal Rights To Due Process</u>:


**2.**   <u>Appellate Counsel Was Ineffective For Failing To Present A Blatant Constitutional Violation And For Requiring Appellant To Withdraw That Issue From This Court's Consideration</u>:


**3.**   <u>Appellant Was Denied A Meaningful Appeal</u>:

This issue was subsequently presented to all levels of the State courts and is thus exhausted and preserved for this petition.


**11.(b)(6)**      <u>Issues Raised In State Habeas Corpus Petition</u>
                   (Dutchess County Supreme Court)

**1.**   <u>Petitioner Is Being Held In Prison Illegally As The Failure Of The State To Grant A Meaningful Appeal Is A Violation Of Due Process Of Law: NY Const. Art. 1 §6, US Const. Amends. 5, 14</u>:

This motion was procedurally denied and reformatted into the CPL §440 motion below.

4

**11.(c)(5)     Issues Raised In CPL §440 Motion To Vacate Judgment**
(Nassau County Supreme Court)

**1.     The Failure Of The State To Grant A Meaningful Appeal Is A Violation Of Due Process Of Law.  NY Const. Art. 1 §6, US Const. Amends. 5, 14**


**2.     Defendant Claims Actual Innocence**


**3.     Criminal Procedure Law §470.25(1) Is Unconstitutionally Vague**


### CPL §440 Summary

This motion was denied as "not reviewable by way of a CPL §440 Motion".(see, Decision #5) While that may or may not be true for the 'Meaningful Appeal' and 'Unconstitutionally Vague' issues, there is abundant case law representing actual innocence claims in the form of CPL §440 motions.  Indeed, while there is no statute governing actual innocence claims, a CPL §440 motion is the only motion available to present an actual innocence claim in the State of New York, and "virtually all of the trial courts to explicitly address the issue have concluded that such a claim may be raised". (People v Days, 906 NYS2d 782 [2009])

The Appellate Division, Second Department denied leave to appeal, exhausting the issues presented and preserving them for this petition.

5

## 3. Decisions

# DECISIONS

1) Direct Appeal, Appellate Division
   (People v Scrimo, 67 AD3d 825)

2) Leave to Appeal, NY Court of Appeals
   (People v Scrimo, 14 NY3d 805)

3) Reconsideration, NY Court of Appeals
   (People v Scrimo, 15 NY3d 778)

4) State Habeas Corpus, Dutchess County Court
   (Scrimo v Lee, Ind. No. 6362/2010)

5) CPL §440.10, Nassau County Court
   (People v Scrimo, Ind. No. 1456N-2000

6) Leave to Appeal 440, Appellate Division
   (People v Scrimo, Ind. No. 1456N-2000

Scrimo v Lee,   (Civ. No. Unassigned)

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D24999
C/kmg

_____AD3d_____

Argued - October 22, 2009

A. GAIL PRUDENTI, P.J.
PETER B. SKELOS
JOSEPH COVELLO
LEONARD B. AUSTIN, JJ.

_____

2002-06660

DECISION & ORDER

The People, etc., respondent,
v Paul Scrimo, appellant.

(Ind. No. 1456/00)

_____

Charles E. Holster III, Mineola, N.Y., for appellant.

Kathleen M. Rice, District Attorney, Mineola, N.Y. (Douglas Noll and Ilisa T. Fleischer of counsel), for respondent.

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered June 18, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

ORDERED that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly determined that the police had probable cause to arrest him (see People v Thomas, 231 AD2d 749, 750; People v Crawford, 221 AD2d 462). Accordingly, the County Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

The defendant's contention that certain statements made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Dien, 77 NY2d 885, 885-886; People v Nuccie, 57 NY2d 818, 819; People v Medina, 53 NY2d

November 10, 2009

Page 1.

PEOPLE v SCRIMO, PAUL

951, 953). In any event, the challenged comments constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109), were responsive to the arguments presented in defense counsel's summation (*see People v Galloway*, 54 NY2d 396, 400-401), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 239).

Upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644).

Viewing the totality of the evidence, the law, and the circumstances of the case, we find that the defendant's trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 147-148).

The defendant's remaining contentions are without merit.

PRUDENTI, P.J., SKELOS, COVELLO and AUSTIN, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

November 10, 2009                                                                    Page 2.

PEOPLE v SCRIMO, PAUL

# State of New York
# Court of Appeals

BEFORE:  HON. SUSAN PHILLIPS READ,

_____Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

|                          | Respondent, | **CERTIFICATE DENYING LEAVE** |
|--------------------------|-------------|-------------------------------|

-against-

PAUL SCRIMO,

Indictment No. 1456/00

_____Appellant.

I, SUSAN PHILLIPS READ, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to CPL 460.20 and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated:  March 29, 2010
       Albany, New York

_____
Associate Judge

\* _Description of Order_:  Decision and Order of the Appellate Division, Second Department, entered November 10, 2009, affirming a judgment of County Court, Nassau County, rendered June 18, 2002.

# State of New York
# Court of Appeals

BEFORE:  HON.  SUSAN PHILLIPS READ,

Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

**CERTIFICATE
DENYING
RECONSIDERATION**

PAUL SCRIMO,

Appellant.

I, SUSAN PHILLIPS READ, Associate Judge of the Court of Appeals of the State of New York, certify that the application for reconsideration by the appellant of the application for a certificate to appeal pursuant to CPL § 460.20, denied by certificate dated March 29, 2010, be and the same hereby is denied.

Dated:  July 30 , 2010

Albany, New York

Associate Judge

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------------X
PAUL SCRIMO.

                    **DECISION AND ORDER**

                 Petitioner.

     -against-                     **Index No. 6362/2010**

WILLIAM LEE. Superintendent of Green Haven
Correctional Facility.
                 Respondent.

------------------------------------------------------------------------X

SPROAT, C.. SUPREME COURT JUSTICE

     Petitioner is currently incarcerated at Green Haven Correctional Facility upon his conviction and sentence after a jury trial of murder in the second degree.

     Petitioner claims that he is being illegally detained and seeks to challenge his entire conviction claiming he is an innocent man and is entitled to his immediate release.

     The petitioner appealed his original trial conviction to the Appellate Division. Second Judicial Department which affirmed the judgment.  Thereafter the Court of Appeals denied leave to appeal upon a finding that there was no question of law presented and petitioner's application for reconsideration by the Court of Appeals was denied on July 30. 2010.

     Since petitioner's claim concerning his 2002 conviction should have been more appropriately addressed in his direct appeal or a motion pursuant to CPL Article 440. the petition seeking a Writ of Habeas Corpus should be denied.  See *People ex rel. Baxter v. Berbary*. 294 A.D.2d 932 (4th Dept. 2002) lv. den. 98 N.Y.2d 609.

Since the petitioner's application is not appropriate for consideration in the form of a Writ of Habeas Corpus to this Court, the Court declines the sign the Writ and dismisses the proceeding sua sponte. *People ex rel. Hickman v. Russi*, 257 A.D.2d 457 (1st Dept. 1999); *People ex rel. DeFlumer v. Strack*, 212 A.D.2d 555 (2nd Dept. 1995).

So Ordered.

Dated: August 27, 2010
Poughkeepsie, New York

HON. CHRISTINE A. SPROAT
Supreme Court Justice

TO:   PAUL SCRIMO DIN 02A3677
      Petitioner, Pro Se
      Green Haven Correctional Facility
      P.O. Box 4000
      Stormville, NY 12582

## COUNTY COURT-NASSAU COUNTY

**Present:**

**HON. David P. Sullivan**
**County Court Judge**

Crim. Term:Part 6
Motion Cal. #_778 - C-779
Indictment#_1456N-2000___

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF NEW YORK** | X | : HONORABLE KATHLEEN M. RICE |
| | | : District Attorney |
| | | : Nassau County |
| | | : Mineola, New York |
| **-against-** | | : By: Ilisa T. Fleischer, Esq. |
| | | : Assistant District Attorney |
| **PAUL SCRIMO,** | | : |
| | | : Pro-se Defendant: |
| | | : Paul Scrimo |
| **Defendant.** | | : #2A3677 |
| | | : Green Haven Correctional Facility |
| | | : PO Box 4000 |
| | X | : Stormville, NY 12582 |

The defendant moves this Court Pro Se for an Order vacating his Judgment of Conviction for Murder Second Degree dated June 18, 2002 arguing, Inter Alia, that the Appellate Division wrongly affirmed his conviction. Additionally the defendant, Pro Se, moves this Court for Poor Person Relief and to assign counsel to him for purposes of his C.P.L §440 Motion. The People oppose the defendant's motions.

Based upon the defendant's C.P.L. §440 Motion, Affidavit with exhibits dated September 9, 2010, his Reply dated November 8, 2010, the defendant's Motion for Poor Person Relief with supporting affidavit dated September 13, 2010, the People's Affirmation in Opposition to the defendant's C.P.L. §440 Motion and the defendant's Motion for Poor Person Relief dated November 3, 2010, and the applicable law, the defendant's two motions are denied.

The defendant's C.P.L. §440 claims are not reviewable by way of a C.P.L.§440 Motion. C.P.L. §440.10 (2)(a), §440.(10)(1); §440.30(4)(a).

The defendant's request for Poor Person Relief and the assignment of counsel is denied. <u>Pennsylvania v. Finley</u>, 481 U.S.551 (1990).

Wherefore the defendant's motions for vacating his Judgment of Conviction and for Poor Person Relief are denied.

The foregoing constitutes the decision and Order of the Court.

SO ORDERED.

ENTER

Dated: November 22, 2010

_David P Sullivan_

David P. Sullivan, J.C.C., A.S.C.J.

PLEASE TAKE NOTICE THAT: the Petitioner be and is hereby advised of his right to apply to the Appellate Division, Second Department for a certificate granting leave to appeal from this determination and upon proof of his financial inability to retain counsel and to pay the costs and expenses of the appeal, Petitioner may apply to the Appellate Division for the assignment of counsel and for leave to prosecute the appeal as a poor person and to dispense with printing. Such application for poor person relief will be entertained only if, and when such permission or certificate is granted. 22A NYCRR Section 671.5.

Dated: November 22, 2010

_David P Sullivan_

Hon. David P. Sullivan, J.C.C., A.S.C.J.

```
ENTERED
AND
FILED

NOV 24 2010

CLERK'S OFFICE
COUNTY COURT
NASSAU COUNTY
```

COPY

2

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M119437
L/

LEONARD B. AUSTIN, J.

2010-12073

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Paul Scrimo, defendant.

(Ind. No. 1456/00)

Application by the defendant, pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this court from an order of the County Court, Nassau County, dated November 22, 2010, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

LEONARD B. AUSTIN
Associate Justice

May 10, 2011

PEOPLE v SCRIMO, PAUL