SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
---------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK           AFFIRMATION IN
                                              OPPOSITION
        - against -

PAUL SCRIMO,                                  Ind. No. 1456N/2000
                                              A.D. No. 2010-12073
                Defendant.
---------------------------------------------------------------------x

      ILISA T. FLEISCHER, an attorney duly admitted to practice law in the State of New York, affirms under the penalty of perjury:

      1.    That she is an Assistant District Attorney, of counsel to the Honorable Kathleen M. Rice, District Attorney of Nassau County, and submit this affirmation in opposition to defendant's pro se motion for leave to appeal to this Court from an order of the County Court of Nassau County (Sullivan, J.), denying defendant's motion to vacate the judgment of conviction entered against him on June 18, 2002.

      2.    This affirmation is made upon information and belief, the source of which is the record of prior proceedings in this matter and the case file maintained by the Office of the District Attorney.

      3.    On April 12, 2000, defendant used his hands and a ligature to strangle Ruth Williams to death in her apartment in Farmingdale, Nassau County, New York. An eyewitness to the crime identified defendant as the killer. Defendant's DNA was also found at the crime scene. In addition, both before and after his arrest, defendant made false statements to police about his actions on the night of the crime. Moreover, at the time of his arrest, defendant wore on his belt a Leatherman's tool, the blades of which could have

1

made the marks left on the ligature used to strangle Williams. For killing Ms. Williams, defendant was charged, by Nassau County Indictment Number 1456N/2000, with two counts of murder in the second degree (Penal Law §§ 125.25 [1] and [2]).

4.     On May 21, 2002, the jury found defendant guilty of intentional murder. On June 18, 2002, defendant was sentenced to an indeterminate state prison sentence of twenty-five years to life.

5.     Defendant appealed from the judgment of conviction to the Appellate Division, Second Department. On November 10, 2009, the Second Department unanimously affirmed defendant's conviction. See People v. Scrimo, 67 A.D.3d 825 (2d Dept. 2009).

6.     Defendant sought leave to appeal the affirmance of his conviction to the Court of Appeals. The People opposed, and on March 29, 2010, a judge of the Court of Appeals denied defendant's application. See People v. Scrimo, 14 N.Y.3d 805 (2010) (Read, J.). Defendant sought reconsideration of his leave application, and on July 30, 2010, his application was denied. See People v. Scrimo, 15 N.Y.3d 778 (2010).

7.     Defendant subsequently filed the underlying pro se motion pursuant to Criminal Procedure Law § 440.10, for an order vacating the judgment of conviction. First, defendant took issue with this Court's conclusion that the evidence was legally sufficient and that his remaining contentions were meritless. Second, defendant claimed actual innocence. And third, defendant argued that C.P.L. § 470.25 (1) is unconstitutionally vague. In papers dated November 3, 2010, the People opposed defendant's application. In an order dated November 22, 2010, the County Court denied defendant's motion (order appended hereto as Exhibit A).

8.     Defendant now seeks to appeal from the denial of his motion to vacate his conviction. In support of this application, defendant advances the same claims raised below. Because these claims were fully addressed by the People in their opposition to defendant's underlying motion, the People rely upon the affirmation in opposition they filed below (appended hereto as Exhibit B). See N.Y.C.R.R. § 670.12(3). A review of those papers indicates that there are no questions of law or fact which ought to be reviewed by this Court. See C.P.L. § 460.15.

WHEREFORE, defendant's motion for leave to appeal should be denied.


Dated:  Mineola, New York
        January 20, 2011

                                                    _____
                                                    Ilisa T. Fleischer

# EXHIBIT A

## COUNTY COURT-NASSAU COUNTY

Crim. Term:Part 6
Motion Cal. # C-778 - C-779
Indictment# 1456N-2000

Present:

HON. David P. Sullivan
County Court Judge

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF NEW YORK | X | : HONORABLE KATHLEEN M. RICE<br>: District Attorney<br>: Nassau County<br>: Mineola, New York |
| -against- | | : By: Ilisa T. Fleischer, Esq.<br>: Assistant District Attorney |
| PAUL SCRIMO, | | :<br>: Pro-se Defendant:<br>: Paul Scrimo |
| Defendant. | | : #2A3677<br>: Green Haven Correctional Facility<br>: PO Box 4000 |
| | X | : Stormville, NY 12582 |

  The defendant moves this Court Pro Se for an Order vacating his Judgment of Conviction for Murder Second Degree dated June 18, 2002 arguing, Inter Alia, that the Appellate Division wrongly affirmed his conviction. Additionally the defendant, Pro Se, moves this Court for Poor Person Relief and to assign counsel to him for purposes of his C.P.L §440 Motion. The People oppose the defendant's motions.

  Based upon the defendant's C.P.L. §440 Motion, Affidavit with exhibits dated September 9, 2010, his Reply dated November 8, 2010, the defendant's Motion for Poor Person Relief with supporting affidavit dated September 13, 2010, the People's Affirmation in Opposition to the defendant's C.P.L. §440 Motion and the defendant's Motion for Poor Person Relief dated November 3, 2010, and the applicable law, the defendant's two motions are denied.

  The defendant's C.P.L. §440 claims are not reviewable by way of a C.P.L.§440 Motion. C.P.L. §440.10 (2)(a), §440.(10)(1); §440.30(4)(a).

  The defendant's request for Poor Person Relief and the assignment of counsel is denied. Pennsylvania v. Finley, 481 U.S.551 (1990).

Wherefore the defendant's motions for vacating his Judgment of Conviction and for Poor Person Relief are denied.

The foregoing constitutes the decision and Order of the Court.

SO ORDERED.

ENTER

Dated: November 22, 2010

*David P. Sullivan*

David P. Sullivan, J.C.C., A.S.C.J.

ENTERED AND FILED
NOV 24 2010
CLERK'S OFFICE
COUNTY COURT
NASSAU COUNTY

PLEASE TAKE NOTICE THAT: the Petitioner be and is hereby advised of his right to apply to the Appellate Division, Second Department for a certificate granting leave to appeal from this determination and upon proof of his financial inability to retain counsel and to pay the costs and expenses of the appeal, Petitioner may apply to the Appellate Division for the assignment of counsel and for leave to prosecute the appeal as a poor person and to dispense with printing. Such application for poor person relief will be entertained only if, and when such permission or certificate is granted. 22A NYCRR Section 671.5.

Dated: November 22, 2010

*David P. Sullivan*
Hon. David P. Sullivan, J.C.C., A.S.C.J.



# EXHIBIT B

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

PAUL SCRIMO,

                            Defendant.

------------------------------------------------------------X

AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTIONS TO VACATE JUDGMENT AND FOR POOR PERSON'S RELIEF

Ind. No. 1456N/2000
Motion Nos. C-778 and C-779

ILISA T. FLEISCHER, an attorney duly admitted to practice law in the State of New York, affirms under the penalty of perjury the facts set forth herein:

1. I am an Assistant District Attorney, of counsel to the Honorable Kathleen M. Rice, District Attorney of Nassau County, and submit this affirmation in opposition to defendant's motion pursuant to C.P.L. § 440.10 to vacate the judgment of conviction and to his related application for poor person's relief to afford him an assigned attorney in connection with his motion to vacate judgment. The following statements are made upon information and belief, based upon defendant's motion papers and attached exhibits, and my examination of the records of the Office of the Nassau County District Attorney pertaining to this matter.

2. On April 12, 2000, defendant used his hands and a ligature to strangle Ruth Williams to death in her apartment in Farmingdale, Nassau County, New York. An eyewitness to the crime identified defendant as the killer. Defendant's DNA was also found at the crime scene. In addition, both before and after his arrest, defendant made

false statements to police about his actions on the night of the crime. Moreover, at the time of his arrest, defendant wore on his belt a Leatherman's tool, the blades of which could have made the marks left on the ligature used to strangle Williams. For killing Ms. Williams, defendant was charged with two counts of murder in the second degree (Penal Law §§ 125.25 [1] and [2]).

3. On May 21, 2002, the jury found defendant guilty of intentional murder. On June 18, 2002, defendant was sentenced to an indeterminate state prison sentence of 25 years to life.

4. Defendant appealed from the judgment of conviction to the Appellate Division, Second Department, arguing that: the suppression court erred in its finding that the police had had probable cause for his arrest; he was prejudiced by trial testimony about his police interrogation; his right to a fair trial was compromised by evidence regarding his Leatherman's tool and whether it was capable of cutting the ligature used to strangle Ms. Williams; the trial court erroneously precluded him from introducing prior bad acts relating to the eyewitness to the crime; he was unfairly prejudiced by the prosecutor's summation; the verdict was against the weight of the evidence; and trial counsel was ineffective in various respects.

5. On November 10, 2009, the Second Department unanimously affirmed defendant's conviction. See People v. Scrimo, 67 A.D.3d 825 (2d Dept. 2009). In particular, the Court approved the determination of the suppression court that the police had probable cause to arrest him, and its denial of defendant's motions to suppress physical evidence and his statements to the police. The Court also held that

false statements to police about his actions on the night of the crime. Moreover, at the time of his arrest, defendant wore on his belt a Leatherman's tool, the blades of which could have made the marks left on the ligature used to strangle Williams. For killing Ms. Williams, defendant was charged with two counts of murder in the second degree (Penal Law §§ 125.25 [1] and [2]).

3. On May 21, 2002, the jury found defendant guilty of intentional murder. On June 18, 2002, defendant was sentenced to an indeterminate state prison sentence of 25 years to life.

4. Defendant appealed from the judgment of conviction to the Appellate Division, Second Department, arguing that: the suppression court erred in its finding that the police had had probable cause for his arrest; he was prejudiced by trial testimony about his police interrogation; his right to a fair trial was compromised by evidence regarding his Leatherman's tool and whether it was capable of cutting the ligature used to strangle Ms. Williams; the trial court erroneously precluded him from introducing prior bad acts relating to the eyewitness to the crime; he was unfairly prejudiced by the prosecutor's summation; the verdict was against the weight of the evidence; and trial counsel was ineffective in various respects.

5. On November 10, 2009, the Second Department unanimously affirmed defendant's conviction. See People v. Scrimo, 67 A.D.3d 825 (2d Dept. 2009). In particular, the Court approved the determination of the suppression court that the police had probable cause to arrest him, and its denial of defendant's motions to suppress physical evidence and his statements to the police. The Court also held that

defendant's complaint about statements made by the prosecutor in the course of his summation was unpreserved for appellate review; nonetheless, it found that the challenged comments constituted fair comment on the evidence, were responsive to defense counsel's summation arguments, or constituted harmless error. Additionally, the Court found that the guilty verdict was supported by the weight of the evidence. Moreover, considering the totality of the evidence, the law, and the circumstances of the case, the Court concluded that trial counsel had provided meaningful representation. Finally, the Court determined that defendant's remaining claims were meritless.

6. Defendant sought leave to appeal the affirmance of his conviction to the Court of Appeals. The People opposed, and on March 29, 2010, a judge of the Court of Appeals denied defendant's application. See People v. Scrimo, 14 N.Y.3d 805 (2010) (Read, J.). Defendant sought reconsideration of his leave application, and on July 30, 2010, his application was denied. See People v. Scrimo, 15 N.Y.3d 778 (2010).

7. Defendant now moves, pro se, pursuant to Criminal Procedure Law § 440.10, for an order vacating the judgment of conviction. First, defendant claims that the Second Department "failed to render a meaningful appeal when it misapplied the *Crimmins* harmless error doctrine where there was no 'overwhelming' evidence," and that the Court "further abused their [sic] discretion in declaring that 'The defendant's remaining contentions are without merit'" (Defendant's Affidavit, ¶12). Second, defendant "claims actual innocence" (id.). And third, defendant argues that "CPL § 470.25 (1) is unconstitutionally vague in that it allows the courts to circumvent the constitutional requirement that an appeal taken as of right be 'meaningful'" (id.). In a

separate application, defendant seeks poor person's status so that counsel may be assigned to him in relation with his motion to vacate the judgment of conviction.

8. Defendant's first two claims in support of his motion to vacate judgment must be summarily denied because a motion to vacate judgment does not lie to review claims denied on the merits by an intermediate appellate court. Because the Appellate Division, Second Department, evaluated the merits of all of his claims, including that the verdict was supported by the weight of the evidence, this Court must deny defendant's current motion, which merely takes issue with the Appellate Division's decision. See C.P.L. § 440.10 (2)(a). "It is the explicit function of C.P.L. § 440.10 (2)(a) to prevent this Court from overturning appellate decisions made on the merits." People v. James, 15 Misc.3d 1113(A) at *4 (Sup.Ct. Kings County 2007). Accordingly, to the extent defendant's current claims challenge the basis of the jury's verdict, they are procedurally barred. See People v. Kandekore, 300 A.D.2d 318, 319 (2d Dept. 2002). Moreover, these claims should also be denied on the additional ground that none of them is a statutorily recognized basis for bringing a motion pursuant to C.P.L. § 440.10. See C.P.L. §§ 440.10(1) (enumerating the proper basis for moving to vacate judgment) and 440.30(4)(a) (a court may deny a motion without a hearing if predicated on a ground not recognized as constituting a legal basis for the motion).

9. As for defendant's complaint that C.P.L. § 470.25(1) is "unconstitutionally vague" (Defendant's Affidavit, p. 14), it, too, must be rejected because it is not a statutorily recognized basis for a motion to vacate judgment. See C.P.L. §§ 440.10(1); 440.30(4)(a). Because C.P.L. § 470.25 addresses the content of orders by intermediate

4

appellate courts, any shortcoming in that statute had no bearing on defendant's judgment of conviction and cannot be a basis for vacating that judgment.

10. Finally, defendant's application for an assigned attorney in connection with his motion to vacate judgment should be denied. It is well established that there is no constitutional or statutory right to counsel in collateral proceedings, such as a motion pursuant to Article 440 of the Criminal Procedure Law. See Pennsylvania v. Finley, 481 U.S. 551 (1990); People v. Lou, 27 Misc.3d 1229 (Sup. Ct. Queens County 2010); People v. Richardson, 159 Misc.2d 167 (Sup. Ct. Kings County 1993). Although this Court has an inherent authority to appoint counsel in an appropriate case (see People ex rel. Williams v. LaVallee, 19 N.Y.2d 238 [1967]), such appointment is appropriate only when a hearing has been ordered, or when a defendant has demonstrated that his argument has merit and, but for the appointment of counsel, the argument will not be adequately advanced. See id. at 240-41; People v. Richardson, 159 Misc.2d at 172. Here, for the reasons set forth above, a hearing is unnecessary to resolve defendant's procedurally-barred motion. As such, this is not an appropriate case in which to assign counsel in a collateral proceeding.

WHEREFORE, on the basis of the foregoing, defendant's motion to vacate his judgment of conviction must summarily be denied.

Dated: Mineola, New York
November 3, 2010

ILISA T. FLEISCHER

5