Jury Charge

1      MR. BIANCAVILLA:  Ready.

2      THE CLERK:  Defense ready?

3      MR. CHAMBERLAIN:  Ready.

4      (Whereupon, the sworn jurors entered the

5      courtroom and resumed their respective seats.)

6      THE CLERK:  Ladies and gentlemen, the Judge will

7  be charging the jury at this time.  We ask you to

8  remain and not leave the courtroom while he is

9  charging the jury.  If you wish to leave, please do so

10  now.  If not, remain in the courtroom for the charge.

11  Thank you.

12      Do both sides stipulate all jurors are present

13  and seated properly?

14      MR. CHAMBERLAIN:  So stipulated.

15      MR. BIANCAVILLA:  So stipulated.

16      THE COURT:  Ladies and gentlemen, following the

17  summations of the attorneys, it now becomes my duty to

18  instruct, that is, to charge you, as to the law

19  applicable to this case.

20      Before doing so, I would like to commend the

21  attorneys for able manner in which each has carried

22  out his responsibility as an advocate and you,

23  members of the jury, for your devotion, patience and

24  attention.  It is now of utmost importance that the

25  final words in this case be given to you in a calm

Jury Charge

1    and quiet atmosphere.

2         Trial by jury in a criminal case forms the very

3    basis and is the heart of the true administration of

4    justice in our country, in this state and in our

5    community.  It should not be a game of wits nor of

6    histrionics.  It is intended as a procedure by which

7    we quietly, rationally and objectively attempt to

8    ascertain the truth.

9         You, as the jurors, and I, as the Court, have a

10   great responsibility in determining that a just

11   result is reached both on the law and on the facts.

12        We have now arrived at that phase of your work

13   where you will be instructed on the law and then

14   retire to your jury room for final deliberations.

15        You will find that my instructions are divided

16   into two main parts; first, a general statement of

17   law applicable to all jury trials in criminal cases,

18   and then a statement of law which is particularly

19   applicable to the crimes charged in the indictment.

20        Now, during the course of their summations, the

21   district attorney and defense counsel, respectively,

22   have commented on the evidence and have suggested to

23   you to certain inferences and conclusions you might

24   reasonably and logically draw from the evidence.

25        The summations of counsel are, of course, not

Jury Charge

1    evidence.  However, if the arguments of counsel

2    strike you as reasonable and logical and supported by

3    the evidence, you may, if you so conclude, adopt

4    them.

5        On other hand, if you find such arguments to be

6    unreasonable or illogical or unsupported by the

7    evidence, you may reject them.

8        In the last analysis, it is the function of the

9    jury to draw their own inference or conclusions from

10   the evidence as you recollect the evidence and as you

11   find such evidence credible and believable.

12       Now, at the outset of the trial, I stated for

13   you certain principles which would apply during the

14   course of the trial.  Let me briefly review these for

15   you once again.

16       You are bound to accept the law of the case as I

17   instruct you whether or not you agree with it.  You

18   must not infer from any of my rulings or anything I

19   may have said during the course of the trial that I

20   hold any personal views for or against this

21   defendant.

22       Further, you are not under any circumstances to

23   draw any inference or conclusion from an unanswered

24   question, nor may you consider any testimony which

25   has been stricken from the record.

Jury Charge

1     In deciding the credibility, that is, the

2     believability of any particular witness, you may use

3     the same tests used in your everyday affairs to

4     determine the reliability or unreliability of

5     statements made to you by others.

6        Among the factors to be taken into account in

7     evaluating and assessing the testimony of a witness

8     are the interest or lack of interest the witness has

9     in the outcome of case, any bias or prejudice that a

10    witness may have, the age, the appearance, the manner

11    in which the witness testified, the opportunity that

12    the witness had to observe the fact testified to, and

13    the probability or improbability of that testimony

14    when viewed in the light of all the other evidence in

15    the case.

16       You, the jury, are the sole and exclusive judges

17    of the facts.  It is the duty of the jury to decide

18    each and every issue of fact which has arisen during

19    the course of the trial.  No one, not counsel, not

20    the Court, may presume to tell you how the issues of

21    fact should be decided.  I repeat, you, and you

22    alone, are the sole and exclusive judges of the

23    facts.

24       The credibility, that is, the believability of

25    each witness is itself an issue of fact solely and

Jury Charge

1    exclusively within the province of the jury.

2        With respect to each witness, you must determine

3    to what extent you find his testimony credible and

4    acceptable.  With respect to any individual witness,

5    you may accept in whole or in part such testimony you

6    find credible and worthy of belief, and reject in

7    whole or in part such testimony as you find unworthy

8    of credit or belief.

9        In resolving each and every issue of fact, you

10   must do so solely on the evidence in the case and

11   that evidence alone.  You may not consider or

12   speculate on matters not in evidence or matters

13   outside the case.

14       As I have just stated, you, as jurors, are the

15   sole and exclusive judges of the facts.  On the other

16   hand, I am the sole and exclusive judge of the law.

17   These responsibilities are separate and distinct and

18   each is of equal importance.

19       As the judge of the law, it has been my function

20   to regulate the course of the trial and to determine

21   what evidence under the law was admissible.  My

22   rulings in each instance were solely on the law.  My

23   other function is to instruct you on the law

24   specifically applicable in this case.

25       Now, my instructions to you on the law must be

Jury Charge

1    accepted by you whether you agree with them or not.

2    If you have any ideas of your own on what the law is

3    or what you think it should be, it is now your duty

4    under your oath to cast aside your own ideas of the

5    law and to accept the law exactly as I give it to

6    you.

7        Please remember that all of us, Court, counsel,

8    jury, People and defendant are all bound by the laws

9    of our State exactly as these laws provide.

10       I remind you that each attorney is an officer of

11   the Court, owing a high duty to his client.  His

12   function is to represent his client to the best of

13   his ability.

14       If, in the interest of advocacy, the attorneys

15   have done or said anything which you deem to be

16   objectionable, you must not let such feeling

17   interfere with your primary duty here to judge the

18   facts impartially and to be fair to both the People

19   and to the defendant.

20       As I have instructed you, arguments made during

21   the course of trial are not evidence and must not be

22   considered by you as such.

23       There have been some verbal exchanges between

24   and among counsel.  You must disregard these

25   entirely.  In other words, you are not to draw any

Jury Charge

inference from anything said by one counsel to the
other.  Such comments are not in evidence.

During the course of the trial, you may have
heard colloquy or conversation between the Court and
counsel.  Bear in mind, such exchanges between the
Court and counsel do not constitute evidence and must
be disregarded by you.

During the course of the trial, I may have put
some questions to witnesses.  When I did so, it is
because I believed the jury required enlightenment on
some particular point.  My question to the witness
and the witness' answer may be considered by you just
as you considered any other question and answer.
However, you should not attach any special weight to
the testimony simply because I asked the question.

During the trial, I have made rulings on motions
and objections.  My rulings are solely on the basis
of the law.  Such rulings should not be considered by
you as giving any indication or creating any
inference that I have any opinion as to the issues of
the facts which are exclusively for your
determination.

There are certain fundamental legal principles
which are applicable to criminal cases in general.
These are safeguards mandated by our constitution,

Jury Charge

1    with which the law surrounds every defendant in a

2    criminal trial.  These basic principles of law apply

3    to every criminal case conducted in the courts of New

4    York State regardless of the nature or seriousness of

5    the crime charged.  I made reference to these

6    principles in my preliminary instructions at the

7    beginning of the trial, but because of the importance

8    of these principles, I am going to repeat and amplify

9    my instructions as to each of them.

10       Before discussing the constitutional safeguards

11   surrounding every person accused of a crime, let me

12   emphasize that an indictment is simply an accusation

13   required by law solely for the purpose of informing

14   the defendant of the offenses with which he is

15   charged.  It is simply a paper writing.  It is not,

16   and I repeat not, evidence of anything.

17       The allegations set forth in the indictment are

18   allegations only.  They are not evidence.  As I say,

19   the indictment is merely the device required by law

20   to inform the defendant of the charges against him

21   and to bring such charges to trial.

22       Put another way, a defendant is never required

23   to prove anything.  On the contrary, the People,

24   having accused the defendant of the crimes charged,

25   have the burden of proving the defendant guilty

Jury Charge

1    beyond a reasonable doubt.  The People have the

2    burden of proving the defendant's guilt as to every

3    fact and every element essential to conviction.

4        The burden never shifts.  It remains on the

5    People and the presumption of innocence remains with

6    every defendant from the beginning of the trial until

7    such time when, during final deliberations, the jury

8    may be convinced that the People have proofed the

9    defendant's guilt beyond a reasonable doubt.

10       Therefore, if, in your minds during your final

11   deliberations, the People have not borne their burden

12   of proof and the presumption of innocence has not

13   been overcome by proof which convinces you beyond a

14   reasonable doubt, then, of course, you must find the

15   defendant not guilty.

16       If, in your minds during your final

17   deliberations you are satisfied from all the

18   evidence that the People have borne the burden of

19   proof and that the presumption of innocence has been

20   overcome by evidence which convinces you beyond a

21   reasonable doubt, then you must, of course, find the

22   defendant guilty.

23       Now, without doubt, one of most important

24   safeguards in our law is the presumption of

25   innocence.  It simply says, all persons charged with

Jury Charge

1    a crime and brought to trial are presumed to be

2    innocent unless proved guilty beyond a reasonable

3    doubt.   The law, therefore, presumes this defendant

4    to be innocent unless proved guilty beyond a reason

5    doubt.

6        I will now discuss with you the constitutionally

7    mandated standard of proof in all criminal cases,

8    that of prove of guilt beyond a reasonable doubt.

9        The standard of proof required by law in every

10   criminal case is proof of guilt beyond a reasonable

11   doubt.   That standard, however, does not require the

12   People to prove the defendant guilty beyond all

13   possibility of doubt or beyond a shadow of a doubt.

14   It requires the People to establish the defendant's

15   guilt beyond a reasonable doubt.

16       Our law, therefore, requires that before this

17   jury may convict the defendant, each of you must be

18   satisfied that the credible evidence is sufficient to

19   convince you beyond a reasonable doubt that the

20   defendant is in fact guilt.

21       The evidence must satisfy you beyond a

22   reasonable doubt that the defendant is in fact the

23   person who committed the crimes charged.

24       The evidence must also establish beyond a

25   reasonable doubt each and every essential element of

Jury Charge

1    the crime charged as I shall later define such

2    elements.

3        What does the law mean when it requires proof of

4    guilt beyond a reasonable doubt?  When is doubt of

5    guilt a reasonable doubt under our law?

6        A doubt of the defendant's guilt, to be a

7    reasonable doubt, must be a doubt for which some

8    reason can be given.  The doubt, to be reasonable,

9    must therefore arise because of the nature and

10   quality of evidence in the case or from the lack or

11   insufficiency of the evidence in the case.

12       The doubt, to be a reasonable doubt, should be

13   one which a reasonable person acting in a matter of

14   this importance would be likely to entertain because

15   of the evidence or because of the lack or

16   insufficiency of the evidence in the case.

17       A doubt of guilt is not reasonable if, instead

18   of being based on the nature and quality of the

19   evidence or insufficiency of the evidence, it is

20   based merely on sympathy for the defendant or from a

21   mere desire by a juror to avoid a disagreeable duty.

22       I therefore repeat, a doubt of a defendant's

23   guilt to be a reasonable doubt must arise either from

24   the nature and quality of the evidence in the case or

25   from the lack or insufficiency of the evidence in the

Jury Charge

1   case.

2        Therefore, the first duty of each juror is to

3   consider and with all the evidence in the case decide

4   which you believe is credible and worthy of your

5   consideration.

6        The next duty of each juror is to determine

7   whether the juror has, in fact, a reasonable doubt of

8   the defendant's guilt as that term is defined in our

9   law.

10       A reasonable doubt, our law says, is an actual

11   doubt, one which you are conscious of having in your

12   mind after you have considered all the evidence in

13   the case.  If, after doing so, you then feel

14   uncertain and not fully convinced of the defendant's

15   guilt and you are also satisfied that in entertaining

16   such a doubt you are acting as a reasonable person

17   should act in a matter of this importance, then that

18   is a reasonable doubt of which the defendant is

19   entitled to the benefit.

20       I repeat, it is the duty of each juror to

21   carefully review, weigh and consider all the evidence

22   in the case.

23       If, after doing so, you find that the People

24   have not proved the defendant's guilt beyond a

25   reasonable doubt as I have defined that term to you,

Jury Charge

1    then you must find the defendant not guilty.

2        On other hand, if you are satisfied that the

3    People have proved the defendant's guilt beyond a

4    reasonable doubt, as I have defined that term to you,

5    you must then find the defendant guilty.

6        In evaluating the evidence and the issues

7    presented, you should use your common sense,

8    knowledge and experience, just as you would in making

9    decisions in your daily life.  When I speak of

10   knowledge and experience, in this context, I mean the

11   sort of knowledge and experience that an average

12   person would acquire in life.

13       Some of you, however, may have something more

14   than ordinary knowledge or experience in a certain

15   area.  Indeed, it may be that you have developed a

16   special expertise in a certain area well beyond what

17   an average person would have.

18       If you have such a special expertise, and if it

19   relates to some material issue in this case, it would

20   be wrong for you to rely on that special expertise to

21   inject into deliberations either a fact that is not

22   in evidence or inferable from the evidence or an

23   opinion that could not be drawn from the evidence by

24   a person without that special expertise.  The reason

25   it would be wrong to do so is that you must decide

Jury Charge

1    this case only on the evidence presented to you in

2    this courtroom.

3         Therefore, with respect to any material issue in

4    this case, you must not use any special expertise you

5    have to insert into the deliberations evidence that

6    has not been presented in this courtroom during the

7    trial.

8         Now, during the time you serve on this jury, you

9    shall not access the internet or World Wide Web by

10   any means available to you for the purposes of either

11   learning about this particular case or to learn about

12   the law and legal issues concerning this case.

13        Your verdict should be based solely on the

14   testimony that you hear and the exhibits that are

15   received in evidence during the trial.  I further

16   instruct you that you are bound to accept the rules

17   of law that I give you and you must apply those rules

18   of law to the facts as you find them.

19        Our law provides that in determining your

20   verdict you may not consider or speculate concerning

21   matters relating to sentence or punishment.  You must

22   not discuss such matters nor should your

23   deliberations in any way be influenced by such

24   matters.

25        If you render a verdict of guilty, I am required

Jury Charge

1   to impose sentence in accordance with law.  The jury

2   has no function relating to the sentence or

3   punishment and such matters are wholly immaterial to

4   your deliberations.

5       Our law provides that both the People and the

6   defendant may as a matter of right call and examine

7   witnesses and each party may cross-examine each

8   witness called by other party.

9       There is, of course, no duty upon the defense to

10  call any witnesses since, as I have already explained

11  to you, it is always incumbent upon the People to

12  prove each and every essential element of the crime

13  charged beyond a reasonable doubt and this burden

14  never shifts.

15      In this case, as in most criminal cases, your

16  decision on the issues of fact which you are required

17  to determine, and also on the ultimate issue of fact,

18  the guilt or innocence of the defendant, will turn on

19  your estimate of the credibility of each witness'

20  testimony and the weight to be accorded such

21  testimony.

22      In a criminal case, each side, the People and

23  the defendant, may call witnesses to establish their

24  respective versions of the facts which bear on the

25  guilt or innocence of the defendant.

Jury Charge

1    You, the jury, must determine the credibility of

2    each such witness and the proper weight to be

3    accorded his or her testimony.

4       In simple terms, that means you, the jury, must

5    decide whether the witness has testified truthfully

6    or whether he has testified falsely, if you are

7    satisfied that the witness has not consciously

8    testified falsely, whether his recollection of the

9    events about which he has testified is accurate and

10   reliable or inaccurate and unreliable.

11      There is no single magic formula by which a jury

12   can evaluate the credibility or believability of a

13   witness.  Each of you brings to this jury all the

14   experience acquired in your private life.  In your

15   everyday affairs, you make a judgment on the

16   reliability or unreliability of statements made to

17   you by others.  The same tests which you apply in

18   your everyday dealings should apply in your

19   deliberations as jurors.

20      May I suggest a few tests you may wish to use?

21      Is the witness an interested or disinterested

22   witness?  If he is interested in the outcome of the

23   trial on one side or the other, you may consider such

24   interest in determining how much credit or weight you

25   will give to his testimony.

Jury Charge

1    A witness is an interested witness when, by

2    reason of relationship, friendship, antagonism or

3    prejudice in favor or against one party or the other,

4    his testimony, in your judgment, is biased or likely

5    to be biased toward the side he favors.

6    On the other hand, a disinterested witness is

7    one who has no interest whatsoever in the outcome of

8    the trial, a factor which you may consider in

9    determining the credibility and weight to be given to

10   the testimony of such a witness.  However, you should

11   not reject testimony of an interested witness merely

12   because of such interest nor should you accept the

13   testimony of a disinterested witness merely because

14   of such disinterest.

15   Another test you may wish to consider is the

16   test of reasonableness.  Is the testimony of the

17   witness plausible and therefore likely to be true or

18   is it implausible and unlikely to be true?  This test

19   is based on experience and common sense.  Testimony

20   is plausible and believable if, based on your

21   experience, it is more likely to be true than untrue.

22   Another test you should consider is the test of

23   consistency.  To determine whether testimony is

24   worthy of belief, it should be weighed with or

25   against the testimony of other witnesses with equal

Jury Charge

1    opportunity to observe and recall the same events.

2    Is the testimony consistent with or inconsistent with

3    other testimony in this case?

4        To determine whether you will believe a witness,

5    you may consider whether his or her testimony at this

6    trial is inconsistent with any prior statement he or

7    she made.

8        Another test in determining the credibility of

9    any witness, you may also wish to consider his

10   demeanor and manner of testifying on the stand.  Did

11   he strike you as being intelligent, frank, open and

12   certain or unintelligent, evasive, deceptive or

13   unsure?  Did his memory of the events concerning

14   which he testified appear to you to be accurate or

15   hazy?  Did he have an opportunity to really see, hear

16   and know the events concerning which he testified?

17       Should you, in the course of your deliberations,

18   conclude that any witness has intentionally testified

19   falsely to a material fact during the trial, you are

20   at liberty to disregard all of his or her testimony

21   on the principle that one who testifies falsely as to

22   one material fact may also testify falsely as to

23   other facts.

24       You are not required, however, in all

25   circumstances, to consider such a witness as totally

unworthy of belief.  You may accept so much of his

testimony you believe to be true and reject only such

part which you conclude is false.

By the processes or tests I have described to

you, you the jury, as the sole judges of the facts,

should be enabled to determine which of the witnesses

you believe, what portions of their testimony you are

willing to accept and what weight you will give such

testimony.

In deciding the issues of fact and the ultimate

issue of fact, the guilt or innocence of the

defendant, you will consider only that evidence on

the part of each side which you conclude is credible.

Please bear in mind that it is not the number of

witnesses called or the length of time taken by each

witness on each side, but, rather, the convincing

quality of the total evidence, the weight and effect

that it has on your minds which should influence your

decision.

Should you, in the course of your deliberations,

conclude that any witness has intentionally testified

falsely to a material fact during the trial, you are

at liberty to disregard all of his testimony on the

principle that one who testifies falsely as to one

material fact may also testify falsely to other

Jury Charge

1    facts.

2        You are not required, however, in all

3    circumstances, to consider such a witness as totally

4    unworthy of belief.  You may accept so much of his

5    testimony you believe to be true and reject only such

6    part you conclude is false.

7        You will recall that certain police officers

8    have testified in this case.  You should use the same

9    tests in evaluating their testimony as you will use

10   in evaluating the testimony of any other witnesses.

11       In other words, the mere fact that a witness is

12   a police officer does not require that his testimony

13   be given any greater or lesser credibility than that

14   of any other witness.

15       In considering the credibility of witnesses

16   where there is a discrepancy between the evidence

17   given by them, it is your duty to reconcile such

18   discrepancy, if you are able to do so.

19       However, if you cannot reconcile the

20   discrepancy, then you may simply determine that you

21   believe the story of one or the other.  In this way,

22   you decide which of the witnesses you believe and

23   what weight you will accord to their testimony.

24       The defendant did not testify in this case.  I

25   charge you that the fact that he did not testify is

Jury Charge

1    not a factor from which any inference unfavorable to

2    the defendant may be drawn.

3        You will recall that there were witnesses --

4    there was Carlo Rossotti who gave testimony

5    concerning his qualifications to testify as an expert

6    in the field of toolmark impressions, Vito Shiraldi

7    with respect to forensic microscopy and Meghan

8    Clement with respect to DNA.

9        Where scientific, technical or other specialized

10   knowledge will assist the jury to understand the

11   evidence or to determine a fact in issue, our law

12   permits a witness qualified as an expert by

13   knowledge, skill, experience, training or education,

14   to state his opinion on questions in controversy upon

15   the trial for the information of the Court and jury.

16       Please understand that the opinions stated by

17   each expert who testified before you were based on

18   particular facts, as the expert himself observed

19   them, or as the attorney who questioned him asked

20   such expert to assume.

21       To assist you in deciding any question in

22   controversy at trial, you may consider the opinion of

23   any expert, together with the reasons given for such

24   opinion, if any.  You may also consider the

25   qualifications and credibility of such expert.

Jury Charge

1    You may reject an expert's opinion if you find

2    the facts to be different from those which served as

3    a basis for his or her opinion.  You may also reject

4    an expert's opinion if, after careful consideration

5    of all the evidence in the case, expert and

6    otherwise, you disagree with the expert's opinion.

7       In other words, you, and you alone, are to form

8    your own opinion or draw your own conclusions as to

9    any question in controversy in this case.

10      Now, during the testimony there was evidence

11   presented that a witness had made a prior statement

12   allegedly inconsistent with his or her on-trial

13   testimony.  Such prior statement may not be

14   considered by you for the truth or its contents.

15      However, such prior statement, if found by you

16   to be inconsistent with the witness' testimony, may

17   then be considered by you as a factor in determining

18   the credibility of the witness' on-trial testimony.

19      In determining the credibility of any witness,

20   you may consider whether such witness has any bias or

21   prejudice for or against any party in the case.  In

22   determining the credibility and weight to be given to

23   the testimony of any witness, you should take into

24   account any such bias or prejudice.

25      Members of the jury, there are two types of

Jury Charge

1    evidence, direct and circumstantial evidence.   In

2    order that you may properly consider the evidence, he

3    will define both direct and circumstantial evidence

4    to you and explain to you what the law provides with

5    respect thereto.

6        Direct evidence means exactly what the word

7    implies.   It's evidence which tends to establish a

8    material fact at issue without resorting to evidence

9    of another fact.   Direct evidence is evidence given

10   by a witness as to what they actually saw, heard,

11   saw, smelled, tasted or touched tending to establish

12   something existed or that something took place.

13       Circumstantial evidence, on other hand, is

14   evidence given by way of exhibits or testimony of

15   witnesses concerning facts not showing that something

16   existed or that something took place, but, rather,

17   from which it can be inferred or deduced that

18   something existed or that something took place.

19       Circumstantial evidence is evidence which flows

20   from direct evidence.   It is evidence of one or more

21   facts which may be inferred from the evidence of

22   another fact which must be proven.

23       Now, where there is circumstantial evidence in a

24   case, the jury must do two things.

25       First, the jury must apply the usual tests of

Jury Charge

1   credibility to determine whether the witness

2   testified both truthfully and accurately about what

3   he or she saw, felt and heard.

4        If the jury accepts those facts, it must then

5   determine whether those facts whether those facts

6   support the inference or the conclusion sought to be

7   drawn.

8        If the facts proved in a case, when taken

9   together, all point in one direction of guilty and to

10  the exclusion of any other hypotheses, there could be

11  no substantial reason why the jurors should be

12  reluctant to determine the issue of guilt in a

13  criminal case upon circumstantial evidence.

14       There are certain rules which control the jury's

15  considering the circumstantial evidence.  The

16  circumstances must proved by direct evidence and must

17  not be left to conjecture, suggestion, speculation or

18  other inferences.

19       You may not base an inference upon an inference

20  or draw one inference from another.  The conclusions

21  sought must flow naturally from the proven facts and

22  must be consistent with all of them.

23       In other words, it is of no value if the

24  circumstances and facts proven from which the

25  inference are to be drawn are consistent both with

Jury Charge

1    the defendant's innocence and the defendant's guilt.

2         To be of value, circumstantial evidence must be

3    such that all of the facts and circumstances proven

4    are consistent with and must point irresistibly to

5    the defendant's guilt and at the same time are

6    inconsistent with his innocence.

7         If two inferences can be drawn from the

8    defendant's conduct, one consistent with guilt and

9    one consistent with innocence, the jury must draw the

10   inference consistent with innocence.

11        Evidence, therefore, is not to be disregarded or

12   disbelieved merely because it is circumstantial.  A

13   fact can be proven as completely through

14   circumstantial evidence as direct evidence.

15        Now, during the trial statements alleged to have

16   been made by the defendant to Police Officer Stark,

17   Detective McHugh and Detective Parpan have been

18   admitted into evidence and have been heard by you.

19        With regard to all of those statements, I now

20   instruct you that even though the statements have

21   been admitted into evidence and you are aware of its

22   contents, you must give no weight whatsoever to the

23   statement in arriving at your verdict unless you

24   find, in accordance with my instructions, first, that

25   it was voluntarily made, and, second, that it was

Jury Charge

1  truthful.

2      Whether a statement was voluntarily made and

3  whether a statement is truthful are both issues of

4  fact for the jury to determine in accordance with

5  legal definitions of those terms.

6      I instruct you that the burden of proof is upon

7  the People to convince you beyond a reasonable doubt

8  that the statement was voluntarily made and also that

9  the statement was truthful.

10     I further instruct you that if the People fail

11  to establish to your satisfaction beyond a reasonable

12  doubt that the statement was voluntarily made, you

13  must, in arriving at your verdict, disregard it and

14  strike it from your minds as though you had never

15  heard it.  You must disregard it even if you believe

16  the statement was in all respects truthful.

17     And, even if the People prove to your

18  satisfaction beyond a reasonable doubt that the

19  statement was voluntarily made, the People must also

20  prove to your satisfaction beyond a reasonable doubt

21  that the statement was in whole or in part truthful.

22     I shall first define the term voluntarily made

23  and later the term truthful.

24     Why does our law require that a statement must

25  be voluntarily made before a jury is allowed to

Jury Charge

1    consider it in arriving at its verdict?  It is

2    because our system of law is an accusatorial system.

3         Under an accusatorial system, the guilt of a

4    defendant must be established by the People by

5    evidence freely and voluntarily secured.

6         In simple terms, that means that the People may

7    not prove a defendant's guilt by a statement out of

8    the defendant's own mouth unless such statement was

9    knowingly, freely and willingly given by the

10   defendant.

11        Therefore, a statement is voluntarily made by

12   the defendant only if it was in fact knowingly,

13   freely and willingly given by him.

14        Our law does not specifically define when a

15   statement is voluntarily made.  Instead, it defines

16   when a statement is involuntarily made.

17        In general, section 60.45 of our Criminal

18   Procedure Law provides that a statement of a

19   defendant is involuntarily made, and, therefore, may

20   not be considered by the jury, if it is obtained by

21   the police or by a prosecutor by means of the use of

22   force or by threats of force, or by means of

23   deception, trickery or promise likely to induce an

24   unwilling statement, or in violation of the

25   defendant's rights under the constitution of the

Jury Charge

1   United States or the State of New York.

2        These constitutional rights include the right to

3   remain silent and the right to the advice and

4   assistance of a lawyer before the defendant answers

5   any questions and gives a statement to the police or

6   prosecutor.

7        I instructed you earlier that in addition to

8   proving that the statement of the defendant was

9   voluntarily made, the People are required to prove to

10  your satisfaction beyond a reasonable doubt that the

11  statement was truthful.

12       If you find that the statement was involuntarily

13  made, you must disregard it whether or not it was

14  truthful.  Only if you are satisfied beyond a

15  reasonable doubt that the statement was voluntarily

16  made must you then turn to the consideration of

17  whether it was also truthful.  For just as the jury

18  is required to disregard any testimony of a witness

19  given during trial which it finds false, it must also

20  disregard any statement of the defendant which is

21  finds to be false in whole or in part.

22       In deciding whether the defendant's statement is

23  true or false, in whole or in part, you should apply

24  the same test of credibility you apply in determining

25  whether the testimony of a witness is true or falls.

Jury Charge

1    Are the facts in the statement consistent with or

2    inconsistent with the facts as presented by the

3    witnesses?  Is the defendant's statement probable or

4    improbable?  Did the defendant have any motive or did

5    he lack any motive for giving a false statement?

6    These are some of the tests you should apply.

7         In reaching your verdict, you may give weight

8    and consideration only to that part of the statement

9    you find to be truthful and disregard any part you

10   find to be false.

11        I summarize briefly my instructions.

12        Before you give any consideration or any weight

13   to the defendant's statement, the People must satisfy

14   you beyond a reasonable doubt that the statement was

15   voluntarily made as I have defined that term to you.

16        If the People have failed to satisfy you beyond

17   a reasonable doubt that the statement was voluntarily

18   made, in arriving at your verdict, you must disregard

19   the statement as though it had never been received in

20   evidence and as though you had never heard it.  You

21   must then base your verdict solely on other evidence

22   remaining in the case.

23        I further instruct you that, with regards to the

24   statements allegedly made by the defendant to

25   Detectives McHugh and Parpan only, you are to

Jury Charge

1    consider the following instruction.

2        As I instructed you, a statement is voluntarily

3    made if it is given knowingly, freely and willingly.

4    In order to assure that the statement is knowingly

5    given, the police or prosecutor before asking any

6    questions must advise the defendant of his

7    constitutional right in words or substance as

8    follows: That he has the right to remain silent; and,

9    that anything he says to the police or district

10    attorney may be used against him in a court of law;

11    that he has the right to the presence and advice of a

12    lawyer before he answer any questions; and, that if

13    he cannot afford a lawyer, one will be appointed for

14    him prior to any questioning if he so desires.

15        However, these warnings must be given to a

16    person only if he is in custody at the time of

17    questioning.  If the person is not in custody, the

18    warnings need not be given.

19        Now, the defendant, if the defendant is in

20    custody, the warnings must be given to him before he

21    is questioned.  If not given to him, then any

22    statement the defendant makes is involuntarily made

23    as a matter of law and must not be considered by the

24    jury in arriving at its verdict.

25        On other hand, if the defendant was not in

Jury Charge

1   custody, then the warnings need not be given to him.

2   Any statement he then makes may be considered by the

3   jury in arriving at its verdict.

4       When the facts are disputed, the question

5   whether the defendant was in custody at the time he

6   was questioned is an issue of fact for the jury.

7       Our law says that a person is in custody when he

8   is not free to go.  When the police stop or detain a

9   person for the purpose of questioning him, the test

10   is whether he is free to go, whether the police would

11   prevent him from leaving if he desired to leave.

12       However, the law says it is not the defendant's

13   belief whether he is free to go that is

14   determinative.  Instead, the test is rather what a

15   reasonable person, innocent of any crime, would have

16   the right to believe, if he had been in the

17   defendant's position.

18       That is the test you, the jury, must apply.

19   What would a reasonable person, innocent of any

20   crime, have the right to believe if he had been in

21   the defendant's position?

22       Of course, in deciding that question, the jury

23   may consider the conduct of the police in deciding

24   what a reasonable man would have the right to

25   believe.  If the police stopped the defendant with

Jury Charge

1  guns drawn, if the police handcuffed the defendant,

2  if the police took the defendant without his consent

3  from the street to the police station in like or

4  similar fact situations, a reasonable person in the

5  defendant's position would probably have the right to

6  believe he could not get up and go home.

7       I instruct you that the defendant does not have

8  to prove that he was in custody.

9       The burden of proof is upon the People to prove

10  to your satisfaction beyond a reasonable doubt that

11  the defendant was not in custody when he was

12  questioned and therefore was free to go.

13       If the People fail to prove the defendant was

14  not in custody or you have a reasonable doubt

15  thereof, you must find that the defendant's statement

16  was involuntarily made.

17       On the other hand, if the People prove to your

18  satisfaction beyond a reasonable doubt that the

19  defendant was not in custody, you will find that the

20  statement was voluntarily made and you will continue

21  your deliberations in accordance with my further

22  instructions.

23       Now we come to the second part of my charge in

24  which I will instruct you with respect to the

25  specific charges contained in the indictment.

Jury Charge

1   The indictment consists of two counts, under

2   count one, murder in the second degree; under count

3   two, murder in the second degree.  These two charges

4   are based upon two different subdivisions of the

5   Penal Law and are based upon two different theories

6   of law.

7   The first count is murder in the second degree

8   which reads as follows:

9   The defendant, Paul Scrimo, on or about the 12th

10  day of April, the year 2000, in the County of Nassau,

11  State of New York, with intent to cause the death of

12  Ruth Williams, caused the death of Ruth Williams.

13  Under our law, a person is guilty of murder in

14  the second degree when, with intent to cause the

15  death of another person, he or she causes the death

16  of such person.

17  The term intent used in this definition has its

18  own special meaning in our law.  I will now give you

19  the meaning of that term.

20  Intent means conscious objective or purpose.

21  Thus, a person acts with intent to cause the death of

22  another when that person's conscious objective or

23  purpose is to cause the death of another.

24  In order for you to find the defendant guilty of

25  this crime, the People are required to prove, from

Jury Charge

1    all the evidence in the case beyond a reasonable

2    doubt both of the following two elements:

3        That on or about the 12th day of April, the year

4    2000, in the County of Nassau, the defendant,

5    Paul Scrimo, caused the death of Ruth Williams; and

6    that the defendant did so with the intent to cause

7    the death of Ruth Williams.

8        Therefore, if you find that the People have

9    proven beyond a reasonable doubt both of those

10   elements, you must find the defendant guilty of the

11   crime of murder in the second degree as charged in

12   the first count of the indictment.

13       On other hand, if you find that the People have

14   not proven beyond a reasonable doubt either one or

15   both of those elements, us must find the defendant

16   not guilty of the crime of murder in the second

17   degree as charged in the first count of the

18   indictment.

19       If, and only if you find the defendant not

20   guilty under count one of the defendant, then you

21   must consider count two of the indictment.

22       Now, count two is murder in the second degree

23   which I will read to you as follows:  The defendant,

24   Paul Scrimo, on or about the 12th day of April, the

25   year 2000, in the County of Nassau, State of New

Jury Charge

York, under circumstances evincing a depraved

indifference to human life, recklessly engaged in

conduct which created a grave risk of death to Ruth

Williams and thereby caused the death of Ruth

Williams.

Under our law, a person is guilty of murder in

the second degree when, under circumstances evincing

depraved indifference to human life, he or she

recklessly engages in conduct which creates a grave

risk of death to another person, and thereby causes

the death of that person.

Some of the terms used in this definition have

their own special meaning in our law. I will now

give you the meaning of the following terms:

recklessly, depraved indifference to human life.

A person acts recklessly with respect to another

person's death when that person engages in conduct

which creates a substantial, unjustifiable and grave

risk that another person's death will occur, and when

he or she is aware of and consciously disregards that

risk, and when that risk is of such nature and degree

that disregard of it constitutes a gross deviation

from the standard of conduct that a reasonable person

would observe in the situation.

Under our law, a crime committed recklessly is

Jury Charge

1   generally regarded as less serious and blameworthy

2   than a crime committed intentionally.  But when

3   reckless conduct is engaged in under circumstances

4   evincing a depraved indifference to human life, the

5   law regards that conduct as so serious, so egregious,

6   as to be the equivalent of intentional conduct.

7       Conduct evincing a depraved indifference to

8   human life is much more serious and blameworthy than

9   conduct which is merely reckless.  It is conduct

10  which, beyond being reckless, is so wanton, so

11  deficient in moral sense and concern, so devoid of

12  regard for the life or lives of others, as to equal

13  in blameworthiness intentional conduct which produces

14  the same result.

15      In determining whether a person's conduct

16  evinced a depraved indifference to human life, a jury

17  would have to decide whether the circumstances

18  surrounding his or her reckless conduct, when

19  objectively viewed, made it so uncaring, so callous,

20  so dangerous and so inhumane, as to demonstrate an

21  attitude of total and utter disregard for the life of

22  the person or persons endangered.

23      In order for you to find the defendant guilty of

24  this crime, the People are required to prove, from

25  all the evidence in the case, beyond a reasonable

Jury Charge

1  doubt, each of the following three elements:

2      One, that on or about April 12th 2000, in the

3  County of Nassau, the defendant, Paul Scrimo, caused

4  the death of Ruth Williams;

5      Two, that the defendant did so by recklessly

6  engaging in conduct which created a grave risk of

7  death to Ruth Williams; and.

8      That the defendant engaged in such conduct under

9  circumstances evincing a depraved indifference to

10  human life.

11      Therefore, if you find that the People have

12  proven beyond a reasonable doubt each of those

13  elements, you must find the defendant guilty of the

14  crime of murder in the second degree as charged in

15  the second count of the indictment.

16      On other hand, if you find that the People have

17  not proven beyond a reasonable doubt any one or more

18  of those elements, you must then find the defendant

19  not guilty of the crime of murder in the second

20  degree as charged in the second count of the

21  indictment.

22      Members of the jury, to assist you during your

23  final deliberations, I have prepared a written list

24  called a verdict sheet which contains a list of

25  specific counts of the indictment and the offenses

Jury Charge

1     submitted to you for your final determination.

2         The verdict sheet lists the options or choices

3     that you may make after careful consideration of all

4     the evidence in accordance with the Court's

5     instructions and, further, provides a column for your

6     foreman to record your verdict as to each of the

7     separate offenses submitted to you for your final

8     determination.

9         The court officer will bring a copy of the

10    verdict sheet to the jury room when you retire for

11    your final deliberations.  If at any time during you

12    are final deliberations you have any questions

13    concerning your use of the verdict sheet or any

14    questions concerning your review of any of the

15    offenses listed thereon, please feel free to send a

16    note in writing to the Court and I will be pleased to

17    promptly respond to your inquiry.

18        Now, ladies and gentlemen of the jury, before

19    you retire to commence your deliberations, permit me

20    to instruct you as follows:

21        One, in order to return a verdict, each juror

22    must agree to such a verdict;

23        Two, as jurors you have a duty to consult with

24    one another and to deliberate with a view to reaching

25    an agreement, if it can be done without violence to

Jury Charge

1  individual judgment;

2      Three, each juror must decide the case for

3  himself or herself but only after impartial

4  consideration of the evidence with his fellow jurors;

5      Four, no juror should surrender his honest

6  conviction as to the weight or effect of the evidence

7  solely because of the opinion of his fellow jurors,

8  or for the mere purpose of returning the verdict;

9      Five, in the course of deliberations, a juror

10  should not hesitate to re-examine his own views and

11  change his opinion if convinced it is erroneous.

12      Certain documents and papers have been marked as

13  exhibits and received in evidence during the trial.

14  Those exhibits that have been received in evidence

15  will be available for your examination during the

16  course of your deliberations in the jury room.

17      After you have retired to your deliberations,

18  you may request that one or more, or all, of the

19  exhibits received in evidence be delivered to you in

20  the jury room.  Simply make that request of the court

21  officer and the exhibits will be promptly delivered

22  to you in the jury room.

23      During any recess when you are absent from the

24  jury room, all of the exhibits must be delivered to

25  the court officer so that they may be held by the

Jury Charge

1   clerk of the court and returned to you when you

2   resume your deliberations.

3       To conduct your deliberations in an orderly

4   fashion, you must have a foreman.  Of course, his

5   vote is entitled to no greater weight than that of

6   any other jurors.

7       Under our law, the juror whose name was first

8   drawn and called must be designated by the Court as

9   the foreman and report your verdict to the Court.

10  Therefore, juror number one will be the foreperson.

11      Now, in order to reach a verdict, all twelve

12  members of the jury must agree.  Your verdict must be

13  unanimous.  Whenever all of your members are in

14  agreement on a verdict, you may report your verdict

15  to the Court.

16      I have now outlined for you the rules of law

17  applicable to this case and the process by which you

18  are to weigh the evidence and determine the facts.

19      In a few minutes you will retire to the jury

20  room for your deliberations.  Your function to reach

21  a fair conclusion from the law and the evidence is an

22  important one.  When you are in the jury room, listen

23  to each other and discuss the evidence and issues in

24  the case among yourselves.

25      Remember in your deliberations that the People,

Jury Charge

1    the defendant and the Court rely upon you to give

2    full and conscientious deliberation and consideration

3    to the issues and evidence before you.  By so doing,

4    you carry out to the fullest your oaths as jury men

5    and women to well and truly try the issues of this

6    case and to render a true verdict.

7                    (Whereupon, the following took place at the

8             bench outside of the hearing of the jurors and

9             defendant.)

10           THE COURT:  Do the People have any additional

11   requests?

12           MR. BIANCAVILLA:  No.

13           THE COURT:  Do the People have any exceptions?

14           MR. BIANCAVILLA:  I do, Judge.  I have an

15   exception to the charge of truthfulness.  I just got

16   finished for an hour and 20 minutes telling this jury

17   everything he told the police was a lie.  You just

18   told this jury in the truthfulness portion that if

19   they decided the defendant was not being truthful,

20   they should disregard that portion of the statements.

21   I don't believe the truthfulness charge was necessary

22   in this charge.

23        I have no problem with any other portions but

24   how can you tell the jury if they decide he lied they

25   should disregard the statements.  It's inconsistent

Proceedings

1    with the case.  I don't think it was necessary or

2    should have been charged.

3        MR. CHAMBERLAIN:  What I heard was the standard

4    charge on credibility and how you determine

5    truthfulness.  To try to change that at this point, I

6    would strenuously object to.  I think the charge was

7    totally in accordance with the law on how a jury

8    determines credibility and truthfulness.  You laid out

9    all the elements, not for one side or the other, and

10   it would apply across the board.  I would object to

11   any change.

12       MR. BIANCAVILLA:  Judge, I'm not objecting to the

13   credibility charge.  I am objecting to the portion of

14   your charge relating to a defendant's statement.

15   Mr. Chamberlain is talking about the credibility

16   charge.  I am not talking about the credibility

17   charge.

18       THE COURT:  I understand that.

19       MR. BIANCAVILLA:  I am talking about the charge

20   specifically relating to when a defendant makes a

21   statement.

22       MR. CHAMBERLAIN:  This is with respect to -- if I

23   heard you correctly, it was with respect to the

24   credibility of the person and whether the statement

25   was truthful.  I have no problem with the charge as it

Proceedings

1    was delivered.

2        THE COURT:  I understand the prosecution's theory

3    of the case but I cannot alter my CJI charge.

4        MR. BIANCAVILLA:  It doesn't apply, Judge.

5    That's not a confession.  That's a charge where the

6    defendant confesses.  That's not a charge under these

7    circumstances.

8        THE COURT:  Counsel, I charged the jury with the

9    standard CJI charge.

10       MR. BIANCAVILLA:  Judge, the only portion of that

11   charge is the truthfulness section, because it doesn't

12   apply under the facts and circumstances of this case.

13       THE COURT:  I understand.

14       MR. BIANCAVILLA:  It just doesn't apply.  You are

15   charging me out of the box.

16       THE COURT:  Any other exceptions?

17       MR. CHAMBERLAIN:  Judge, I mentioned exhibits.  I

18   would like the jury to be told if they wanted a read

19   back, they can have one.

20       THE COURT:  I believe I did that.  I'll be glad

21   to tell them again.

22       MR. CHAMBERLAIN:  One other thing, Judge, at the

23   end you told the jury that to reach a verdict they

24   must be unanimous.  They could interpret that to be

25   that they must be unanimous.

1828

Proceedings

1    THE COURT:  They do.

2    MR. CHAMBERLAIN:  Except they have the right to

3    disagree.  They have the right to disagree.

4    THE COURT:  Before I take a verdict, all twelve

5    are to agree, Mr. Chamberlain, otherwise we have a

6    hung jury.

7    MR. CHAMBERLAIN:  I am aware of that but the

8    instruction should be if you can't reach a verdict

9    that's something else, but to reach a verdict you must

10   be unanimous.

11   THE COURT:  I read the CJI charge to the jury.

12   MR. CHAMBERLAIN:  Fine.  Thank you.

13   THE COURT:  Counsel, with respect to the

14   exhibits, do I have the stipulation from both counsel

15   that if the jury should request any of the exhibits, I

16   can send them in without your being present?  For the

17   videotape, they will have to be brought back into the

18   courtroom.

19   MR. BIANCAVILLA:  Yes.

20   MR. CHAMBERLAIN:  Yes, Judge.

21   MR. BIANCAVILLA:  There are a number of exhibits

22   introduced into evidence which are not to be shown to

23   the jury.  We have kept them separate.

24   THE COURT:  You have agreed on what should go in.

25   MR. CHAMBERLAIN:  Yes.

Proceedings

1      MR. BIANCAVILLA:  Yes.

2      THE COURT:  Anything further?

3      MR. BIANCAVILLA:  No.

4          (Whereupon, the following took place in open

5      court.)

6      THE COURT:  Now, ladies and gentlemen, I am going

7   to speak to the two alternate jurors for a minute

8   since our trial jury of twelve is about to retire to

9   its deliberations.

10      I now charge and I emphasize that there must be

11   no further communications or contact between the

12   trial jury of twelve and the alternate jurors.  Our

13   alternate jurors will be provided with a convenient

14   and private room to await the rendition of the trial

15   jury's verdict.

16      Again, I admonish our alternate jurors that they

17   are not to discuss this case among themselves.  They

18   are not to read anything about the case nor are they

19   to permit anyone to discuss it with them or in there

20   presence.

21      And, again, I charge that the alternate jurors

22   are not to form any opinion as to the factual issues

23   in the case nor are they to form or express any

24   opinion as to the guilt or innocence of the

25   defendant, unless and until such time as they may be

Proceedings

1    requested to participate in the trial jury's

2    deliberations.

3         The first twelve jurors, please follow the court

4    officer so you can commence your deliberations.

5              (Whereupon, the sworn jurors exited the

6         courtroom.)

7         THE COURT:  Now, will the two alternates please

8    follow the court personnel.

9              (Whereupon, the sworn alternate jurors exited

10        the courtroom.)

11        THE COURT:  Counsel, we will await the verdict.

12             (Whereupon, court stood in recess while the

13        jury deliberated.)

14        COURT OFFICER:  Jury entering.

15             (Whereupon, the sworn jurors entered the

16        courtroom and resumed their respective seats.)

17        THE CLERK:  Do both sides stipulate all sworn

18   jurors are present and seated properly?

19        MR. BIANCAVILLA:  Yes.

20        MR. CHAMBERLAIN:  Yes.

21        THE COURT:  Ladies and gentlemen, it's been a

22   long day for you and at this point I am going to send

23   you home and ask you to come back here tomorrow

24   morning at 9:30.

25        Now, as today's court session is drawing to a

Proceedings

1    close and I am excusing you, the law requires that

2    before I can excuse you I advise you of the rules you

3    must follow during recess.

4        These rules are to guarantee the parties a fair

5    trial and generally the same ones you were required

6    to follow prior to deliberations, but the law

7    requires that I recite them at this stage to

8    re-emphasize their importance.

9        The reason for this emphasis is that you are in a

10   critical stage.  You are in the process of

11   deliberations and you are not being sequestered.  That

12   means you're not being kept together overnight where

13   we can have greater assurances that you will be

14   following the rules.

15       You will be permitted to go home after

16   deliberations have begun.  There may now be a greater

17   temptation to discuss the case with someone else or

18   go to the scene.  You must resist that temptation.

19   If you discuss this case with someone else or visit

20   the scene, that would not only violate my order, but

21   it would also violate the oath you took to follow the

22   rules.

23       The rules are as follows:  Deliberations must be

24   conducted only in the jury room when all jurors are

25   present.  Therefore, all deliberations must now cease

Proceedings

1   and must not be resumed until all twelve of you have

2   returned and are together again in the jury room.

3        Two, during the recess don't discuss the case

4   among yourselves or with anyone else.

5        Three, you must remain under the obligation not

6   to accept, agree to accept, from any person,

7   receiving or accepting any payment or benefit in

8   return for supplying any information concerning this

9   trial.

10        Four, you must promptly report to me any attempt

11   by any person to converse with you about the case or

12   to influence you or any other member of the jury.

13        Five, you must not visit or view the place where

14   the crimes charged were allegedly committed or any

15   other place discussed in the testimony.

16        Six, you must not review or listen to any

17   accounts or discussions of this case reported in any

18   news media.

19        Now, ladies and gentlemen, I want you to

20   understand why these rules are so important.  The law

21   does not want you to talk to anyone about the case,

22   nor to permit anyone to talk to you about the case

23   because only the twelve of you are authorized to

24   render a verdict in this case.  Only you have been

25   found to be and promised to be fair and no one else

Proceedings

1    has been qualified.

2        The law also does not permit you to visit any

3    place discussed in the testimony.  First, you cannot

4    always be sure the place will be in the same

5    condition.  In light of what you see, you become a

6    witness not a juror.  As a witness, you may now have

7    an erroneous view of the scene that's not subject to

8    correction by either party and this is simply not

9    fair.

10       Finally, the law requires that you not read or

11   listen to any news accounts of this case should they

12   there be any.  You must decide this case on the

13   evidence presented in this courtroom.  You are not to

14   decide this case based on some purported view or

15   opinion and you are not to the access the internet

16   with respect to this case.

17       Thus, you understand and appreciate the

18   importance of following these rules in accordance

19   with your oaths as promised to me.  I hope you will

20   do so.

21       At this point let me wish you all a very nice

22   evening.  We'll see you tomorrow morning at 930.

23            (Whereupon, the sworn jurors exited the

24       courtroom.)

25       THE COURT:  Counsel, we'll see you tomorrow.

Proceedings

1    THE CLERK:  Mr. Scrimo, the trial is being

2    adjourned to 9:30 tomorrow morning, May 21st.  If you

3    do not appear for trial tomorrow, a warrant may be

4    issued for your arrest, bail may be forfeited and your

5    case may proceed in your absence.

6                    *       *       *

7              (Whereupon, the above matter was adjourned to

8    May 21st, 2000.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  STATE OF NEW YORK : NASSAU COUNTY

 2  COUNTY COURT     : PART XIV
    ----------------------------------------:
 3  THE PEOPLE OF THE STATE OF NEW YORK,    :
                                            :
 4              - against -                 : IND: 1456N-00
                                            :
 5  PAUL SCRIMO,                            :
                                            :   JURY TRIAL
 6                                          :
                            Defendant.      :
 7  ----------------------------------------x

 8                          May 21, 2002
                            262 Old Country Road
 9                          Mineola, New York

10
    B E F O R E :
11
            THE HONORABLE JEFFREY BROWN,
12          County Court Judge.

13
    A P P E A R A N C E S :
14

15          (As previously noted.)

16                      *      *      *

17

18          THE CLERK:  Case on trial, continues.  All

19      parties are present.  The jury is not present at this

20      time.

21          People ready?

22          MR. BIANCAVILLA:  Ready.

23          THE CLERK:  Defense ready?

24          MR. CHAMBERLAIN:  Ready.

25          THE COURT:  Counsel, we have received two notes
```

Proceedings

1    from the jury.  The first one is marked Court Exhibit

2    VI.  It says, We the jury would like to see the

3    People's Exhibit of the chart of pictures.  Pursuant

4    to your stipulation, that was in evidence, that was

5    given to them.

6         Then they say, List of evidence and list of

7    witnesses.

8         Now, with respect to the list of evidence, I

9    will tell them the exhibits are in evidence, if

10   that's what they want.  I will be glad to give them

11   all of the evidence upon there request.

12        MR. CHAMBERLAIN:  If I may, Judge, with respect

13   to that, would your Honor indicate they may have all

14   or any of the evidence.

15        THE COURT:  Of course.

16        Then, with respect to the list of witnesses, the

17   names of the witness are in evidence.  I will be glad

18   to read them the list of witness but I will not give

19   them the list of witnesses, if that's what they are

20   looking for.

21        Counsel, do you have any objection to that?

22        MR. CHAMBERLAIN:  No, Judge.

23        MR. BIANCAVILLA:  No, Judge.

24        THE COURT:  The second note says -- and it's

25   marked Court Exhibit VII -- We the jury would like to

Proceedings

1    have the summation of both lawyers read back to us.

2         I will tell the jury that the summations are not

3    in evidence and I can not do that.

4         COURT OFFICER:  Jury entering.

5              (Whereupon, the sworn jurors entered the

6              courtroom and resumed their respective seats.)

7         THE CLERK:  Do both sides stipulate that all

8    sworn jurors are present and seated properly?

9         MR. BIANCAVILLA:  So stipulated.

10        MR. CHAMBERLAIN:  So stipulated.

11        THE COURT:  Good morning, ladies and gentlemen.

12   I have received two notes from you which I will read.

13        The first note marked Court Exhibit VI says, We

14   the jury would like to see the People's Exhibit of

15   the chart of pictures, comma, list of evidence and

16   list of witnesses.

17        We have already provided to you pursuant to your

18   request the chart of pictures.  With respect to the

19   list of evidence, that I cannot give you a list of

20   the evidence.

21        However, if you should desire to have any of the

22   evidence, all you have to do is request any of it.

23   You can have all of it or any of it.  Just send us a

24   note.

25        With respect to the list of witnesses, I will

Proceedings

1      read the names out.

2          With respect to the second note marked Court

3      Exhibit VII, it says, We the jury would like to have

4      the summations of both lawyers read back to us.

5      Summations are not in evidence, ladies and gentlemen.

6      I cannot have that read back to you.

7          Now, the list of witnesses are as follows: John

8      Williams; William Nimmo; Caroline Daly; Frank

9      DeFalco; Penny Shouse; Thomas Hartman; Mellisa

10     Notarnicola; Francine Quinn; Gerard Connell; Sven

11     Bost, Detective Dennis Downes; Detective Charles

12     Costello; Doctor Gerard Cantanese; Doctor Thomas

13     Manning; Detective Vito Shiraldi; Carlo Rossotti;

14     Detective Kevin McCarty; Meghan Clement; Lisa Lawson;

15     Detective Jack McHugh; Detective Robert Dempsey;

16     Detective Brian Parpan; Mohammed Hussain; Detective

17     James Cereghino; Police Officer Pamela Stark and

18     John Kane.

19         Ladies and gentlemen, the jury can resume their

20     deliberations and the alternates shall be kept

21     separate.

22             (Whereupon, the sworn jurors exited the

23         courtroom to continued deliberating.)

24         THE CLERK:  Case on trial continues.  All parties

25     are present.  The jurors are not present at this time.

Proceedings

1      Are the People ready?

2      MR. BIANCAVILLA:  Yes.

3      THE CLERK:  Defense ready?

4      MR. CHAMBERLAIN:  Ready.

5      THE COURT:  Counsel, I received a note from the

6  jury which was marked Court Exhibit VIII.  It says, We

7  the jury would like a detailed definition of the two

8  charges, count one and count two.

9      I plan on rereading the charge with the

10  definitions for count one and count two.

11      Bring the jury in.

12      COURT OFFICER:  Jury entering.

13          (Whereupon, the sworn jurors entered the

14          courtroom and resumed their respective seats.)

15      THE CLERK:  Do both sides stipulate that all

16  sworn jurors are present and seated properly?

17      MR. BIANCAVILLA:  Yes.

18      MR. CHAMBERLAIN:  Yes, so stipulated.

19      THE COURT:  Good afternoon, ladies and gentlemen.

20  We received a note from you which has been marked

21  Court's Exhibit VIII which says we the jury would like

22  a detailed definition of the two charges, count one

23  and count two.

24      I will reread that to you now.

25      Under our law, a person is guilty of murder in

Proceedings

1    the second degree when, with intent to cause the

2    death of another person, he or she causes the death

3    of such person.

4         The term intent used in this definition has its

5    own special meaning in our law.  I will now give you

6    the meaning of that term.

7         Ladies and gentlemen, this is count -- I am

8    reading to you -- I'll start over.

9         Count one of the indictment, under our law, a

10   person is guilty of murder in the second degree when,

11   with intent to cause the death of another person, he

12   or she causes the death of such person.

13        The term intent used in this definition has its

14   own special meaning in our law and I will now give

15   you the meaning of that term.

16        Intent means conscious objective or purpose.

17   Thus, a person acts with intent to cause the death of

18   another when that person's conscious objective or

19   purpose is to cause the death of another.

20        In order for you to find the defendant guilty of

21   this crime, the People are required to prove, from

22   all of the evidence in the case, beyond a reasonable

23   doubt, both of the following two elements:

24        One, that on the 12th day of April in the year

25   2000 in the County of Nassau, the defendant,

Proceedings

1    Paul Scrimo, caused the death of Ruth Williams; and,

2    two, that the defendant did so with the intent to

3    cause the death of Ruth Williams.

4        Therefore, if you find that the People have

5    proven beyond a reasonable doubt both of those

6    elements, you must find the defendant guilty of the

7    crime of murder in the second degree as charged in

8    the first count.

9        On other hand, if you find that the People have

10   not proven beyond a reasonable doubt either one or

11   both of those elements, you must find the defendant

12   not guilty of the crime of murder in the second

13   degree as charged in the first count.

14       If you find the defendant not guilty under count

15   one of the indictment, then you must consider count

16   two of the indictment.

17       Now, count two of the indictment:  Under our

18   law, a person is guilty of murder in the second

19   degree when under circumstances evincing a depraved

20   indifference to human life, he or she recklessly

21   engages in conduct which creates a grave risk of

22   death to another person and thereby causes the death

23   of that person.

24       Some of the terms used in this definition have

25   their own special meaning in our law.  I will now

Proceedings

1   give you the meaning of the following terms,

2   recklessly and depraved indifference to human life.

3       A person acts recklessly with respect to another

4   person's death when that person engages in conduct

5   which creates a substantial unjustifiable and grave

6   risk that another person's death will occur and when

7   he or she is aware of and consciously disregards that

8   risk and when that risk is of such nature and degree

9   that disregard of it constitutes a gross deviation

10  from the standard conduct that a reasonable person

11  would observe in the situation.

12      Under our law, a crime committed recklessly is

13  generally regarded as less serious and blameworthy

14  than a crime committed intentionally.  But when

15  reckless conduct is engaged in under circumstances

16  evincing a depraved indifference to human life, the

17  law regards that conduct as so serious, so egregious,

18  as to be the equivalent of intentional conduct.

19      Conduct evincing a depraved indifference to

20  human life is much more serious and blameworthy than

21  conduct which is merely reckless.

22      It is conduct which, beyond being reckless, is

23  so wanton, so deficient in moral sense and concern,

24  so devoid of regard for the life or lives of others,

25  as to equal in blameworthiness intentional conduct

Proceedings

1    which produces the same result.

2         In determining whether a person's conduct

3    evinced a depraved indifference to human life, a jury

4    would have to decide whether the circumstances

5    surrounding his or her reckless conduct, when

6    objectively viewed, made it so uncaring, so callous,

7    so dangerous and so inhuman as to demonstrate an

8    attitude of total and utter disregard for the life of

9    the person or persons endangered.

10        In order for you to find the defendant guilty of

11   this crime, the People are required to prove, from

12   all the evidence in the case, beyond a reasonable

13   doubt, each of the following three elements:

14        One, that on or about April 12th, 2000, in the

15   County of Nassau, the defendant, Paul Scrimo, caused

16   the death of Ruth Williams;

17        Two, that the defendant did so by recklessly

18   engaging in conduct which created a grave risk of

19   death to Ruth Williams; and

20        Three, that the defendant engaged in such

21   conduct under circumstances evincing a depraved

22   indifference to human life.

23        Therefore, if you find that the People have

24   proven beyond a reasonable doubt each of those

25   elements, you must find the defendant guilty of the

Proceedings

1    crime of murder in the second degree as charged in

2    the second count.

3         On other hand, if you find that the People have

4    not proven beyond a reasonable doubt any one or more

5    of those elements, you must find the defendant not

6    guilty of the crime of murder in the second degree as

7    charged in the second count.

8         Ladies and gentlemen, you may resume your

9    deliberations.

10        The alternates will be kept separate

11             (Whereupon, the sworn jurors exited the

12        courtroom to continue deliberating.)

13        THE CLERK:  Case on trial continues.  All parties

14   are present.  The jurors are not present at this time.

15        Are the People ready?

16        MR. BIANCAVILLA:  Ready.

17        THE CLERK:  Defense?

18        MR. CHAMBERLAIN:  Defense ready.

19        THE COURT:  Counsel, we've received a note from

20   the jury marked Court Exhibit IX, and it says, We the

21   jury have reached a verdict, time, 2:45 p.m.

22        Bring the jurors in.

23        Before we bring the jury in, I want to tell you

24   now, I don't want any outbursts once we receive the

25   verdict from the jury.

Proceedings

1    COURT OFFICER:  Jury entering.

2         (Whereupon, the sworn jurors entered the

3    courtroom and resumed their respective seats.)

4    THE CLERK:  Do both sides stipulate that all

5    sworn jurors are present and seated properly?

6         MR. BIANCAVILLA:  So stipulated.

7         MR. CHAMBERLAIN:  So stipulated.

8    THE COURT:  Ladies and gentlemen, we have

9    received a note from you dated today's date at 2:45

10   p.m., We the jury have reached a verdict.

11        The clerk is directed to take the verdict.

12   THE CLERK:  Under indictment 1456N of 2000, the

13   People of the State of New York versus Paul Scrimo,

14   Mr. Foreman, has the jury agreed upon an unanimous

15   verdict?

16        THE FOREMAN:  yes.

17        THE CLERK:  Please stand, Mr. Foreman, and, also,

18   the defendant, please rise.

19        Under count one, murder in the second degree,

20   how do you find this defendant, guilty or not guilty?

21        THE FOREMAN:  Guilty.

22        THE CLERK:  You may have a seat.

23        Members of the jury, listen to your verdict as

24   it has been recorded through your foreperson.  You

25   say you find the defendant guilty of murder in the

Proceedings

1    second degree and so say you all?

2         (Whereupon, all twelve sworn jurors answered in

3    the affirmative.)

4         MR. CHAMBERLAIN:  I would like the jury polled,

5    your Honor.

6         THE COURT:  Please poll the jury.

7         THE CLERK:  Members of the jury, you have heard

8    your verdict as it was recorded through your

9    foreperson.  I will now ask each of you individually

10   if that was your verdict.

11        (Whereupon, the jury was polled by the clerk and

12   all answered in the affirmative.)

13        THE COURT:  Ladies and gentlemen, before you

14   leave, I want to take this opportunity to thank you

15   for beneficial public service that you rendered as

16   trial jurors in this case.

17        I wish to especially commend you for having

18   sacrificed your time to take part in this litigation.

19   You are deserving of further commendation for both

20   the attention and patience displayed by you during

21   the course of this trial.

22        When you leave here, you cannot fail to carry

23   with you the knowledge that to be a member of a trial

24   jury is one of most fundamental services that an

25   American citizen can render to his country.  It is

Proceedings

1    our jury system that is the means of dispensing equal

2    justice to all litigants.

3        By doing your duty as citizens, you not only

4    have rendered outstanding public service but also

5    have, incidentally, participated actively in the

6    affairs of our government.  I discharge you now by

7    saying thanks to everybody here.

8        One last thing, I would just ask if you would

9    spend a couple of minutes with me in chambers so I

10   can talk to you.  If you will follow the court

11   officers they'll take you in

12            (Whereupon, the sworn jurors exited the

13        courtroom.)

14   THE COURT:  The defendant is remanded.

15   Sentencing is set for June 18th, 20002.

16   MR. CHAMBERLAIN:  Judge, I'll reserve motions, if

17   I may, until the date of sentence.

18   THE COURT:  Yes, Mr. Chamberlain.

19       Thank you, Counsel.  I want to express my thanks

20   to you for the way you portrayed yourselves during

21   the course of this trial.  I appreciate your

22   cooperation.

23   MR. BIANCAVILLA:  Thank you, Judge.

24   THE COURT:  Also, Counsel, I'll tell the jury if

25   they would like to speak to you that they are more

Proceedings

1      than welcome to speak to you, or not, as the case

2      maybe.

3              MR. CHAMBERLAIN:   Thank you.

4              MR. BIANCAVILLA:   Thank you.

5                      *        *        *        *

6    Certified to be a true and accurate
     transcript of the proceedings.
7

8

9                                _____
                                 BUFF BRANSON
10                               Senior Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| 1  | 88. | Poster | 1315 | 1322 |
| 2  | 89. | Photo | 1320 | 1322 |
| 3  | For the Defendant: | | | |
| 4  | M. | Scene examination report | 1186 | |
| 5  | N. | Evidence collection report | 1187 | |
| 6  | O. | Scene examination report | 1186 | |
| 7  | P. | Document | 1189 | |
| 8  | Q. | Document | 1189 | |
| 9  | R. | Document | 1189 | |
| 10 | S. | Det. McHugh notes | 1206 | |
| 11 | T. | Fingerprint report | 1211 | |
| 12 | U. | Det. Parpan notes | 1225 | |
| 13 | V. | Det. McHugh Notes | 1304 | |
| 14 | W. | Hussain statement | 1336 | |
| 15 | X. | Sales transactions | 1345 | |
| 16 | Y. | Kane statement | 1507 | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |

INDEX TO WITNESSES

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| **For the People:** | | | | |
| Det. Kevin McCarthy | 950 | 969 | 1003 | |
| Meghan Clement | 1007 | 1040 | 1078 | 1084 |
| Lisa Lawson | 1088 | 1093 | 1095 | |
| Det. Robert Dempsey | 1098 | 1104 | | |
| Det. John McHugh | 1114 | 1162 | 1263 | 1268 |
| Det. Brian Parpan | 1273 | 1297 | | |
| Mohammed Hussain | 1311 | 1322 | | |
| Det. James Cereghino | 1357 | 1366 | | |
| P.O. Pamela Stark | 1385 | 1409 | | |
| John Kane | 1425 | 1464 | 1620 | 1624 |

INDEX TO EXHIBITS

| | Identification | Evidence |
|---|---|---|
| **For the People:** | | |
| 82.    Labcorp report | | 1019 |
| 83.    Sweet and Low packet | 964 | 965 |
| 84.    Employee record | | 1090 |
| 85.    Employee record | | 1090 |
| 86.    Copy of photo | 1119 | |
| 87.    Mugshot | 1146 | |

```
 1                    INDEX TO WITNESSES

 2                    Direct    Cross    Redirect    Recross

 3

 4  For the People:

 5  Det. Kevin McCarthy    950      969      1003

 6  Meghan Clement        1007     1040     1078       1084

 7  Lisa Lawson           1088     1093     1095

 8  Det. Robert Dempsey   1098     1104

 9  Det. John McHugh      1114     1162     1263       1268

10  Det. Brian Parpan     1273     1297

11  Mohammed Hussain      1311     1322

12  Det. James Cereghino  1357     1366

13  P.O. Pamela Stark     1385     1409

14  John Kane             1425     1464     1620       1624

15

16                    INDEX TO EXHIBITS

17

18                    Identification    Evidence

19  For the People:

20  82.    Labcorp report                      1019

21  83.    Sweet and Low packet       964      965

22  84.    Employee record                     1090

23  85.    Employee record                     1090

24  86.    Copy of photo              1119

25  87.    Mugshot                    1146
```

| | | | |
|---|---|---|---|
| 1 | 88. | Poster | 1315 | 1322 |
| 2 | 89. | Photo | 1320 | 1322 |
| 3 | For the Defendant: | | |
| 4 | M. | Scene examination report | 1186 |
| 5 | N. | Evidence collection report | 1187 |
| 6 | O. | Scene examination report | 1186 |
| 7 | P. | Document | 1189 |
| 8 | Q. | Document | 1189 |
| 9 | R. | Document | 1189 |
| 10 | S. | Det. McHugh notes | 1206 |
| 11 | T. | Fingerprint report | 1211 |
| 12 | U. | Det. Parpan notes | 1225 |
| 13 | V. | Det. McHugh Notes | 1304 |
| 14 | W. | Hussain statement | 1336 |
| 15 | X. | Sales transactions | 1345 |
| 16 | Y. | Kane statement | 1507 |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |